Eunice E. POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 52846.

Court of Criminal Appeals of Texas.

April 6, 1977.

Rehearing Denied May 3, 1977.

Burnett & Burnett, John H. Miller, Jr., Sinton, for appellant.

Arnulfo Guerra, Dist. Atty., Rio Grande City, Oscar R. McInnis, Dist. Atty., Edinburg, C. H. Duval, Asst. Atty. Gen., McAllen, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for official misconduct under V.T.C.A., Penal Code Sec. 39.01(a)(5). Punishment was assessed at six years' imprisonment and a five thousand dollar fine. Trial was in Hidalgo County after a change of venue from Duval County.

The evidence establishes that the appellant, in 1974, occupied the position of assistant superintendent of the Benavides Independent School District. His major responsibility was the supervision of the Freer Public Schools, a division of the Benavides school district. During 1974, the appellant caused four checks totalling twelve thousand one hundred thirty-seven dollars and sixty-nine cents to be drawn from the Freer Local Maintenance Fund of the Benavides Independent School District. This money was withdrawn from the school district's bank depository, the First State Bank of San Diego. The checks were made payable to the Alamo Lumber Company of Alice, Texas. In return, the manager of the Alamo Lumber Company prepared fictitious invoices in order for the appellant to cover the amounts drawn on the school district's account. The lumber company kept a true set of invoices and these were admitted into evidence at trial. The record conclusively establishes that the Alamo Lumber Company received twelve thousand one hundred thirty-seven dollars and sixty-nine cents from the Freer Local Maintenance Fund in return for repairing or remodelling appellant's ranch house. The appellant did not expend any of his funds for the work done on his ranch residence.

Section 39.01(a)(5), supra, provides:

"(a) A public servant commits an offense if, with intent to obtain a benefit for himself or to harm another, he intentionally or knowingly: . . . (5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, or secretes it with intent to take or misapply it, or pays or delivers it to any person knowing that such person is not entitled to receive it."

Public servant is defined as:

" 'Public servant' means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for office or assumed his duties: (A) an officer,

employee, or agent of government; . . ." V.T.C.A., Penal Code Sec. 1.07(30).

The definition for government provided by the Penal Code states:

"'Government' means the state; a county, municipality, or political subdivision of the state; or any branch or agency of the state, a county, municipality, or political subdivision." V.T.C.A., Penal Code Sec. 1.07(15).

The Benavides Independent School District is a branch of government. See, *Stein v. Highland Park Independent School District, et al.,* 540 S.W.2d 551 (Tex.Civ.App.—Texarkana, 1976, writ ref. n. r. e. ); *Love v. Dallas,* 120 Tex. 351, 40 S.W.2d 20 (1931). The appellant, as an employed or appointed officer of this district, is a public servant as defined by the Penal Code.

In four grounds of error appellant challenges the sufficiency of the evidence to prove particular elements of the offense charged. Two grounds attack the indictment. We will consider the indictment contentions first.

The indictment, omitting the date and formal parts, alleges that appellant:

". . . did then and there unlawfully, while a public servant, namely, Freer Superintendent of the Benavides Independent School District, and with intent to obtain a benefit for himself, namely the use and benefit of current money of the United States belonging to the Government, namely, the said School District, and which money came into his custody by virtue of his employment: to wit, the said Eunice E. Powell did then and there intentionally and knowingly cause said money to be used as payment for building materials and labor supplied by Alamo Lumber Company for the personal use of the said Eunice E. Powell. . . ."

■ The indictment is challenged for the first time on appeal as fundamentally defective (1) for failure to allege that the money came into his custody by virtue of his employment *with the school district,* and (2) for failure to describe the property (money) by number and kind as required by Art. 21.09, V.A.C.C.P., which at the time of return of the indictment provided in part: "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient."

Regarding the first challenge, we note the indictment alleges the money "came into his custody by virtue of his employment," which follows precisely the language of the statute. Absent a motion to quash on the claim of ambiguity now asserted, we find this allegation sufficient.

The established construction of Art. 21.-09, supra, in prosecutions for robbery under the former Penal Code upheld indictment allegations of "money" or "money of the United States of America" against such challenges as those raised here. *Cox v. State,* Tex.Cr.App., 494 S.W.2d 574; *Ellingsworth v. State,* Tex.Cr.App., 487 S.W.2d 108; *Byrd v. State,* Tex.Cr.App., 456 S.W.2d 931. We find those decisions persuasive authority and hold the allegations here challenged to be sufficient in this prosecution for official misconduct.

The grounds of error challenging the indictment are overruled.

■ Challenge is raised to the sufficiency of the evidence to prove: (1) that the money came into appellant's custody by virtue of his employment; (2) that he was Freer Superintendent of the Benavides Independent School District; (3) that he took and misapplied current money of the United States, and (4) that venue was in Duval County.

The State showed that appellant, by virtue of his employment, had authority to purchase building material for the schools, had authority with the consensus of the school board to approve bills for payment, and had authority to sign school district checks. Thus, the custody and control appellant had over disposition of money in the

 

school district's account here in issue was shown to have been by virtue of his employment.[1]

Appellant argues the State failed to prove the descriptive averment in the allegation that he acted "while a public servant, namely, Freer Superintendent of the Benavides Independent School District." He concedes the proof showed he was a public servant, but contends the proof also shows there is no "Freer Superintendent of the Benavides Independent School District." Although no office had this formal title, appellant was known in the community and through custom and usage to be Superintendent of the Freer Schools of Benavides Independent School District. His actual office was assistant superintendent of the school district, and his duties were to superintend the operation of the Freer schools. We find the allegations describing appellant's position as a public servant to have been sufficiently proven in this case.

Appellant's challenge to the proof that money was misapplied is likewise without merit. He argues the evidence only shows issuance of a check, and fails to show anyone received money from cashing the check. The evidence shows the checks, representing $12,137.69 of current United States money, were honored by the bank, and that the funds went from the school district's account and to Alamo Lumber Company for work on appellant's ranch house. Modern financial transactions often effect transfer of money without physical delivery of coin or paper currency. The evidence is sufficient to show misapplication of money.

Finally, we consider the sufficiency of the proof of venue, which must be established by a preponderance of the evidence. Art. 13.17, V.A.C.C.P.; *Phillips v. State,* Tex.Cr. App., 459 S.W.2d 632. The bank in which the school district's funds were kept and from which the money was misapplied was shown to be in Duval County. Location of

the lumber yard in another county does not defeat this proof. Venue was shown.

The grounds of error challenging the sufficiency of the evidence are overruled.

The judgment is affirmed.

---

1. *McMorries v. State,* 161 Tex.Cr.R. 608, 279 S.W.2d 90, cited by appellant, is distinguishable. In that conviction for theft it was argued the evidence showed lawful possession of school funds, requiring submission of the case for misapplication of funds under Arts. 95 and 97, V.A.P.C. (1925). The facts there showed possession of school funds was obtained by false pretext. The facts here are otherwise.