Whitney Frances CALAIS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–023–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 19, 1981.

**812**

C. C. Divine, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction for rape of a female under the age of seven-teen. Tex.Penal Code Ann. art. 21.09 (Vernon 1974). Punishment was assessed at twenty years.

■ In addition to the brief filed by appellant's retained counsel, appellant has filed a pro se brief raising additional grounds of error. This pro se brief was neither timely filed nor filed with the clerk of the trial court. Under such circumstances, this court is not required to consider or review its contents. Tex.Code Crim.Pro. Ann. art. 40.09 § 9 (Vernon 1979); *Stiehl v. State*, 585 S.W.2d 716 (Tex.Cr.App.1979), *cert. denied*, 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981).

*Landers v. State*, 550 S.W.2d 272 at 280 (Tex.Cr.App.1977) stated

There is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel.... If this new proposed doctrine of hybrid representation were allowed in the trial of a case, then the Constitution of Texas would allow such representation in the appellate process because there is no limitation in Article 1, Section 10 as to when an accused may be heard.

The clear implication is that there should be no hybrid representation either at the trial or appellate level. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981).

■ Appellant contends that the statute of limitations for the return of a rape indictment is one year. Appellant urges that former article 12.02 of the Code of Criminal Procedure was never revoked or repealed and is, therefore, still effective. *See* Tex. Code Crim.Pro.Ann. art. 12.01, Historical Note (Vernon 1977). We disagree. When the current Penal Code was enacted, effective January 1, 1974, conforming amendments were made to the Code of Criminal Procedure. One of these was Chapter 12. This amendment deleted the old article 12.-02, but retained the one year limitation in article 12.01(4). *See* 4 Tex.Penal Code Ann. 365, 374–375 (Vernon 1974).

Effective September 1, 1975, Article 12.01 was amended, deleting this provision so that rape now falls under the catch-all, three year limitation period in what is now article 12.01(4). Tex.Code Crim.Pro.Ann. (Vernon 1979). The offense was found to have occurred on July 28, 1977 and the indictment was filed January 10, 1979. This was well within the three year period. *Archer v. State*, 577 S.W.2d 244 (Tex.Cr. App.1979).

Appellant further contends that the trial court erroneously limited the re-cross examination of the prosecutrix. At no time did appellant show by any bill of exception, or otherwise, what evidence he might have elicited upon such an examination. Nothing is presented for us to review. *James v. State*, 546 S.W.2d 306 (Tex.Cr.App.1977).

Appellant then argues that there is insufficient evidence to sustain a guilty verdict because there is no corroborating testimony. Appellant argues that the prosecutrix consented to or at least acquiesced in the act and, therefore, she was an accomplice. He then argues that, being an accomplice, her uncorroborated testimony cannot support a conviction under article 38.14 Tex.Code Crim.Pro.Ann. (Vernon 1979). The offense of statutory rape is complete with or without the consent of the prosecutrix. *McKinney v. State*, 505 S.W.2d 536 (Tex.Cr.App.1974). It is well established that a rape victim is not an accomplice and a conviction for statutory rape can be sustained upon the victim's uncorroborated testimony. *Soliz v. State*, 163 Tex.Cr.R. 508, 293 S.W.2d 662 (1956); *Johnson v. State*, 449 S.W.2d 65 (Tex.Cr. App.1969). Further, under article 38.07 Tex.Code Crim.Pro.Ann. (Vernon 1979), the conviction is supportable by the uncorroborated testimony of the victim upon timely outcry. Although the outcry was not made until nearly a month after the event, it is clearly within the six month period contemplated by the statute. *See Vickery v. State*, 566 S.W.2d 624 (Tex.Cr.App.1978).

The defense of prior promiscuity is not available. In order to allege this de-fense under article 21.09(b) Tex.Penal Code Ann. (Vernon Supp.1980–81), the prosecutrix must be at least fourteen years of age when the offense occurred. The prosecutrix here was thirteen.

Appellant finally contends that the indictment should have been dismissed pursuant to article 32A.02 Tex.Code Crim. Pro.Ann. (Vernon Supp.1980–81) which provides for speedy trials. Appellant claimed, in a motion to set aside the indictment filed February 8, 1979, that he was arrested on December 20, 1977, charged on December 24 and the charges were dismissed on August 24, 1978. No proof of this appears in the record. Chapter 32A became effective July 1, 1978, and as of that date applies to cases then pending. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978). Even if appellant's motion were correct, the applicable 120 day period did not begin to run until July 1st and with the charge being dismissed on August 24, only 55 days elapsed. By the terms of the statute the period between the dismissal of an indictment and reindictment does not count against the state. Tex.Code Crim.Pro.Ann. art. 32A.02 § 4(7) (Vernon Supp.1980–81). Appellant was reindicted on January 10, 1979. At that time the limitation period began to run again. The period ran for 29 more days when on February 8, 1979, appellant's counsel withdrew his motion to dismiss the indictment, and appellant and counsel filed a written waiver of his right to a speedy trial. Only 84 days had run against the 120 day limitation period. A defendant's rights under Chapter 32A are rights which must be affirmatively asserted or they are waived. Tex.Code Crim.Pro.Ann. art. 32A.02 § 3. They may also be affirmatively and intentionally waived. *See Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr.App.1979). By express waiver appellant waived the right he now claims. Appellant intentionally relinquished a known right and privilege. Tex.Code Crim. Pro.Ann. art. 1.14 (Vernon 1979); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Robles v. State*, 577 S.W.2d 699 (Tex.Cr.App.1979).

The proceedings appearing regular; the conviction is affirmed.