**Robert Dale MANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–82–019–CR.**

Court of Appeals of Texas, Texarkana.

Oct. 19, 1982.

Charles Butler, Bonham, for appellant.

Dan Meehan, Dist. Atty., Bonham, for appellee.

### CORNELIUS, Chief Justice.

Robert Dale Mann appeals his conviction for aggravated robbery. He contends the trial court should have quashed the indictment and that the conviction is not supported by the evidence. We overrule these contentions and affirm the trial court.

While Willie Clay, aged 64, sat in his car September 20, 1981, in Fannin County, appellant and four other boys approached him. Appellant asked Clay if he wanted a ride. He then drove Clay in his car two miles to a dead end road. The other four boys traveled to the dead end in two cars. Shortly after arriving at the dead end, appellant pulled Clay from his car. He kicked and stomped Clay fifteen to twenty times and hit him with some large poles. Before he started kicking Clay he said, "this is my car. I'm going to steal this car. When Ya'll (sic) see me I will be driving this car." The other boys tried to stop appellant, but when he would not stop, they decided to leave and asked appellant to move Clay's car so they could get out. Appellant drove across Clay's leg while moving the car. The four boys left appellant and Clay, but later saw appellant driving Clay's car. Later that night, the four boys returned to the dead end. They picked up Clay, took him to Ector, and dumped him in front of a house. After lying unconscious for a period of time, he crawled to the house and summoned help. He was hospitalized two and one-half months due to the incident.

In his contention that the trial court erred in failing to quash the indictment, appellant argues that the indictment does not state who is the owner of the stolen property, thus omitting an essential element of aggravated robbery and failing to adequately apprise him of the accusation. The indictment alleges that on September 20, 1981, appellant

"... did then and there knowingly and intentionally while in the course of committing theft and with intent to obtain property of Willie Clay, to-wit: a motor vehicle, without the effective consent of the said Willie Clay and with intent to deprive the said Willie Clay of said property, did then and there intentionally and knowingly cause serious bodily injury to Willie Clay by kicking him with his foot, ..."

The indictment follows that in *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974), which was held to sufficiently allege each element of aggravated robbery. The elements of the particular theft or attempted theft need not be alleged if the indictment alleges the robbery occurred "in the course of committing theft" or "while committing theft." *Rudd v. State*, 616 S.W.2d 623 (Tex. Cr.App.1981); *McWherter v. State*, 607 S.W.2d 531 (Tex.Cr.App.1980); *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976); *Earl v. State*, supra.

Appellant also urges that the conviction is not supported by the evidence because the testimony fails to show that the car was taken without the effective consent of the owner, and fails to show that violence was used to effectuate the theft.

The appellate court must view the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976). If there is any probative evidence on all the elements necessary to establish the commission of the offense by the defendant, which if believed by the jury would justify a finding of guilt, the verdict must be sustained. *Vera v. State*, 499 S.W.2d 168 (Tex.Cr.App.1973).

The evidence shows that appellant forcibly ejected Clay from his automobile while stating that he was stealing the car. He then effectuated his purpose by beating and kicking Clay into unconsciousness.

Even if it be assumed that appellant's initial driving of the car was with Clay's consent, his subsequent actions and statements are sufficient to justify a finding that the consent was impliedly withdrawn or at least that appellant exceeded the scope of the consent which was given. The taking of another's property without his effective consent and by causing him serious bodily injury constitutes aggravated robbery. Tex.Penal Code Ann. § 29.03 (Vernon Supp. 1982). The evidence here sufficiently covers the elements of that offense.

■ Appellant filed a pro se brief with this Court and pro se motions with the trial court. We are not required to consider the pro se brief and motions because there is no constitutional right to hybrid representation in Texas. *Calais v. State,* 624 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1981, no pet.); *Rudd v. State,* supra; *Landers v. State,* 550 S.W.2d 272 (Tex.Cr.App.1977). Further, an examination of the contentions in the pro se brief reveals no error that should be considered in the interest of justice.

The judgment of the trial court is affirmed.