Robert D. GILLETT, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–316–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 6, 1983.

Philip M. Westergren, Corpus Christi, for appellant.

Michael J. Westergren, County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from a conviction for the misdemeanor offense of driving while intoxicated. Trial was in the County Court at Law. Appellant, Robert Gillett, was found guilty by a jury, despite his plea to the contrary. Punishment was assessed by the trial court at a fine of $500.00 and two (2) years confinement in the Nueces County Jail. Appellant's sentence was probated for two years. We affirm.

Appellant was arrested on September 3, 1981, the date of the offense as alleged in the complaint and information. On October 2, 1981, appellant appeared, entered a plea of not guilty, requested a jury trial and waived speedy trial. The case was set for trial on December 8, 1981. On this date, the defendant, appellant herein, appeared and announced ready for trial, but the State announced not ready and was granted a continuance. On February 1, 1982, the cause was again called for trial. Both sides appeared and announced ready. A mistrial was declared on February 2, 1982, and a jury trial was re-set for April 5, 1982. It is from a conviction, at this trial, that the appellant appeals.

■ Appellant brings forth five grounds of error. He does not challenge the sufficiency of the evidence to support the conviction. Appellant's first ground of error contends that the conviction should be reversed due to jury misconduct in considering the fact that appellant refused to take a breath test. Appellant's Amended Motion For New Trial sets forth that appellant was denied a fair and impartial trial as a result of jury misconduct, to wit: "the jurors discussed and considered the fact that defendant refused to take the breath test, which influenced several jurors to vote for a guilty verdict." Attached to the motion, and as support thereto, were four affidavits; one was sworn to by a juror in the trial, two were sworn to by appellant's trial attorney and one was an unsworn affidavit of a second juror in the trial. At the hearing on the motion for new trial, appellant's attorney did not introduce the affidavits, and therefore, they do not constitute evidence. *Rios v. State,* 510 S.W.2d 326 (Tex. Cr.App.1974); *Stephenson v. State,* 494 S.W.2d 900 (Tex.Cr.App.1973).

■ At the hearing on the motion for new trial, appellant introduced a note from the jury which asked:

"Why was there not a Blood, Urine or Breath test? If there was such a test, why were the results not brought out? What were the official results of "heal and toe" test?"

The court replied:

"The only answer the Court can give you is to instruct you that you are to arrive at a verdict if you can based only on the testimony that you have heard from the witnesses that were called to testify by the State and the defendant and the exhibits which were offered and admitted in evidence."

Appellant's attorney was the only witness at the hearing on the motion for new trial. He testified generally as to the contents of the affidavits. He further testified that he had made no attempt to subpoena any of the jurors as witnesses at the hearing. The note from the jury and the answer to it by the court does not constitute reversible error. See *Nacol v. State,* 590 S.W.2d 481 (Tex.Cr.App.1979). The testimony of appellant's attorney, at the motion for new trial, at best creates a fact issue as to jury misconduct to be determined by the trial judge. This determination will not be overturned absent a showing of abuse of discretion.

*McIlveen v. State,* 559 S.W.2d 815 (Tex.Cr. App.1978). We find no such abuse. Appellant's first ground of error is overruled.

■ Appellant's second ground of error asserts error by the trial court in refusing to read back to the jury that testimony, requested by the jury, of the arresting officers. During its deliberations, the jury sent the court the following note:

> "The jury requests a copy of the portion of the court transcript containing the testimony of the two police officers. We would also like a copy of their depositions if possible."

The Court replied:

> "The court regrets that it is not able to comply with your request."

Tex.Code Crim.Proc.Ann. art. 36.28 (Vernon 1981) provides:

> "In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes *that part* of such witness testimony or the particular point *in dispute,* and no other...." (emphasis added).

Due to the nature of the jury's request, the refusal of the trial court to comply was not error. See *Thrash v. State,* 482 S.W.2d 213 (Tex.Cr.App.1972); *Vasquez v. State,* 415 S.W.2d 188 (Tex.Cr.App.1967). Appellant's second ground of error is overruled.

■ Appellant's third ground of error complains that the retrying of appellant following the mistrial resulted in placing appellant in double jeopardy. We disagree. A mistrial was requested by appellant and granted, after a witness for the prosecution referred to appellant's failure to take a "chemical breathalizer test", despite a motion in limine regarding such testimony. Appellant relies on *United States v. Kessler,* 530 F.2d 1246 (5th Cir.1976), and *United States v. Davis,* 589 F.2d 904 (5th Cir. 1979), for the proposition that when a mistrial is caused through the gross negligence or intentional misconduct of the prosecution, defendant's request for a mistrial does not remove the constitutional double jeop-

ardy barrier to retrial. In disapproving *Kessler,* the same court later held that gross negligence on the part of the prosecutor is not enough to bar a retrial, nor is it enough that a prosecutor intends to seriously prejudice the defendant's chances of an acquittal. *United States v. Singleterry,* 683 F.2d 122 (5th Cir.1982, cert. den'd —— U.S. ——, 103 S.Ct. 387, 74 L.Ed.2d 518). "The important consideration, for purposes of the double jeopardy clause, is that the defendant retain primary control over the course to be followed in the event of such error ... Only where the government conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). We find no such showing in the case at bar. Appellant's third ground of error is overruled.

■ Appellant's fourth and fifth grounds of error assert that the judgment should be reversed because he was denied his right to a speedy trial under State law and the United States Constitution. Appellant signed a written waiver of speedy trial on October 2, 1981. This waiver was granted, and the cause was set for jury trial on December 8, 1981. On this date, the State was granted a continuance until February 1, 1982, at which time appellant first asserted his speedy trial right by moving for a dismissal "not under the Texas Speedy Trial Act, but under the 14th Amendment to the United States Constitution...." The motion was overruled. Not until April 2, 1982, did appellant file a motion to dismiss under the Texas Speedy Trial Act; this motion was denied the same day and proceedings began on the second trial three days later. Appellant's express waiver of speedy trial, coupled with the lack of any showing of objection to the granting of a continuance prior to the date of the first trial, and appellant's own motion, and the granting thereof, for a mistrial, rebut appellant's assertion that he was denied a speedy trial under either Texas law or the rights afford-

ed under the Texas and United States Constitutions. See *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr.App.1979). *Robles v. State,* 577 S.W.2d 699 (Tex.Cr.App.1979); *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978); *Gray v. State,* 628 S.W.2d 228 (Tex.Civ.App.—Corpus Christi, d.r. ref'd); and, *Calais v. State,* 624 S.W.2d 811 (Tex. Civ.App.—Houston [14th Dist.], no d.r.).

Appellant's grounds of error are overruled. The judgment of the trial court is AFFIRMED.