Ronald EVANS, Appellant,

v.

The STATE of Texas, State.

No. 2–84–193–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 24, 1984.

Gene Storrs, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., and Daniel L. McBride, Asst. Dist. Atty., Amarillo, for the State.

Before HUGHES, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

The appellant, Ronald Evans, appeals from his conviction for theft, with punishment enhanced by a prior conviction. The jury assessed his punishment at fifteen years confinement in the Texas Department of Corrections. He urges that he was denied the right to a speedy trial which he has by virtue of the Texas Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1984). He also asserts that the trial court erred in admitting a California penitentiary packet into evidence.

We affirm, because we find that Evans waived his rights under the Texas Speedy Trial Act, and because we find that the trial court did not err in admitting the penitentiary packet into evidence.

By ground of error number one, Evans urges that the trial court erred by denying his motion to dismiss for failure to afford a speedy trial. Article 32A.02 provides that a court shall grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a criminal action if the defendant is accused of a felony. Article 32A.02, sec. 1. It further provides, in sec. 2(b), that if the defendant is to be retried following a mistrial, a criminal action commences on the date of the mistrial.

Evans' first trial began timely. He moved for a mistrial, which was granted on September 15, 1981. The indictment was dismissed on October 2, 1981. Evans was not reindicted until January 20, 1983. On March 4, 1983, the State announced ready for trial on the new indictment. Evans moved for a continuance and waived his rights under art. 32A.02. The trial court granted Evans his continuance, and the trial began on May 9, 1983. The State made its announcement of ready far after the 120 days authorized by the Act, and there are no excluded periods.

A defendant's rights under Chapter 32A are rights which must be affirmatively asserted or they are waived. *Calais v. State*, 624 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1981, no pet.); art. 32A.02, sec. 3. They may also be affirmatively and intentionally waived. *Calais, supra.* By expressly waiving his right to a speedy trial, Evans intentionally relinquished a known right and privilege. *Calais, supra;* TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon 1977). Evans contends that he could not waive his right to a speedy trial after the 120-day period had already passed, but he presents no authority in support of his position. We overrule ground of error number one.

By ground of error number two, Evans asserts that the trial court erred by failing to quash the first enhancement paragraph of the indictment. He refers to four alleged deficiencies in a penitentiary packet from California which was introduced into evidence. This court has considered the first three of Evans' complaints in another case in which the same packet was admitted into evidence. *Evans v. State,* 677 S.W.2d 814 (Tex.App.—Fort Worth 1984). His fourth complaint under ground of error number two is that the indictment in one of the convictions contained in the penitentiary packet alleged only that good and lawful United States currency was taken and did not allege with sufficient particularity what property was taken. He did not argue this point in his brief nor cite any authority for it. The indictment in question alleged that Evans "on or about the 28th day of December,

A.D., 1973, ... did then and there unlawfully and fraudulently take good and lawful United States currency of the value of over $200.00 from the possession of Joe Davis, Jr. ..." Such a description in the indictment is sufficient. *Rovinsky v. State,* 605 S.W.2d 578, 581 (Tex.Crim.App. 1980); *Powell v. State,* 549 S.W.2d 398, 400 (Tex.Crim.App.1977). We overrule ground of error number two.

The judgment is affirmed.