# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00463-CV

### In the Matter of F. C.

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-21,931, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant F.C., a juvenile, was adjudicated in a bench trial as having engaged in delinquent conduct by committing the offense of assault on a public servant. *See* Tex. Fam. Code Ann. § 54.03 (West 2002); Tex. Pen. Code Ann. § 22.01(b)(1) (West 2003). After a disposition hearing, he was placed on probation for nine months. *See* Tex. Fam. Code Ann. § 54.04(d)(1) (West 2002). He appeals on two issues, complaining that the trial court erred by denying his special exceptions to the original petition and that the evidence is legally insufficient to support the judgment. We will affirm.

## BACKGROUND

F.C. was a student at Dobie Middle School in Austin, Texas. On March 5, 2002, Lilian Brockington, a teacher at the school, observed F.C. and two other students assaulting a fourth student, a frail male student who was bleeding from the mouth. She intervened to stop the fight.

The evidence shows that the teacher informed the students that she was a teacher and that she pulled the fourth student away from the group, put her arms around him in an attempt to protect him, and began walking to take him to the office. She told the students, including F.C., "I'm a teacher, leave him alone, leave him alone. I'm taking him with me now. Get away. I'm a teacher." Rather than ceasing his assault, however, F.C. followed the student and teacher and continued hitting. He again struck the student and in addition struck the teacher on the shoulder and back, causing her pain. Brockington testified that this occurred while she was carrying out her duties as a teacher at the school.

**DISCUSSION**

*Challenge to Petition*

In his first complaint, F.C. contends that the allegations of the State's petition were too vague to inform him of the charges against him so that he could prepare an adequate defense. He raised this complaint by written special exception filed in the trial court, in effect asking that the petition be quashed. He concedes that the pleadings in the petition track the statutes he was alleged to have violated but argues that the petition did not notify him "how the complaining witness was a public servant" and, therefore, did not adequately describe with reasonable particularity the manner of acts he was alleged to have committed.[1] *See* Tex. Fam. Code Ann. § 53.04(d)(1) (West 2002).

Actions against a juvenile accused of a criminal offense are initiated by the filing of a petition in a juvenile court alleging that the juvenile engaged in delinquent conduct by committing

---

[1] In his brief, F.C. states that he also challenged how he knew the teacher was a public servant. However, he does not cite a record reference where he raised this issue in writing below and we are unable to locate such a written complaint in the record. Tex. R. Civ. P. 90; Tex. Fam. Code Ann. § 51.09 (West 2002).

2

an act that violates a penal statute. *Id.* § 53.04(a). The petition must state with reasonable particularity the time, place, and manner of the acts alleged and the penal law the juvenile allegedly violated by his conduct. *Id.* § 53.04(d)(1); *see also In re Gault*, 387 U.S. 1, 33 (1967). The degree of reasonable particularity required to satisfy the demands of due process is met when the State files a petition alleging conduct in accordance with the Texas Penal Code; the State need not recite evidentiary facts not essential for proper notice. *In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.). The petition need not allege an offense with the particularity of a criminal indictment so long as the charge is reasonable and definite. *M.A.V. v. Webb County Court at Law,* 842 S.W.2d 739, 745 ( Tex. App.—San Antonio 1992, writ denied). When reviewing a juvenile court's denial of a motion to quash, we employ an abuse of discretion standard. We will uphold the trial court's ruling on the motion unless the record shows that the trial court clearly abused its discretion. *B.P.H.*, 83 S.W.3d at 405.

The penal code classifies the offense of assault with injury as a class A misdemeanor. Tex. Pen. Code Ann. § 22.01(b). The offense is enhanced to a third degree felony if the assault is against a person the actor knows is a public servant engaged in lawfully discharging an official duty. *Id*. § 22.01(b)(1). The code defines a public servant as a person elected, selected, appointed, employed or otherwise designated as an officer, employee, or agent of government. *Id.* § .07(a)(41)(A) (West 2003).

The petition in this cause alleged that F.C.

> [V]iolated a penal law of this State punishable by imprisonment, to-wit: Section 22.01 of the Texas Penal Code (Assault Public Servant), in that he did then and there knowingly, intentionally, and recklessly cause bodily injury to Lilian Brockington, a public servant, by striking the said Lilian Brockington with the said [F.C.'s] hand

3

> while Lilian Brockington was lawfully discharging an official duty and when the said [F.C.] knew Lilian Brockington was a public servant.

The petition clearly alleged that F.C. committed assault, alleged his victim by name, and identified her as a public servant assaulted while in the course of discharging her official duties. The State was not required to plead further evidentiary facts or to identify her particular category of public servant job. When a term is defined by statute, it need not be further alleged in the charging instrument; the State need not plead evidence it intends to rely upon. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Crim. App. 1981) (op. on reh'g). The statutorily defined term is neither vague nor indefinite; moreover, the term "public servant" describes the type of complaining witness and does not go to an act or omission of the accused. *Id*. at 164. Because the pleadings against F. C. were reasonably particular to place him on notice of the allegations against him, we hold that appellant has not demonstrated that the trial court clearly abused its discretion in denying appellant's motion. We overrule F.C.'s first issue.

### *Legal Sufficiency of Evidence*

In his second issue, appellant complains that the evidence is legally insufficient to prove that he committed the offense charged. We review adjudications of delinquent conduct in juvenile proceedings under the same standard of review we employ to review the sufficiency of the evidence supporting a jury's verdict in a criminal case. *See In re L.M.*, 993 S.W.2d 276, 284 (Tex. App.—Austin 1999, pet. denied); *see also In re B.M.*, 1 S.W.3d 204, 206 (Tex. App.—Tyler 1999, no pet.). To evaluate the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether from that evidence any rational trier of fact

4

could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *L. M.*, 993 S.W.2d at 284; *see also* Tex. Fam. Code Ann. § 54.03(f). The trier of fact is entitled to resolve any conflict in the evidence, to evaluate the credibility of witnesses, and to determine the weight to be given any particular evidence. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). The standard of review is the same for both direct and circumstantial evidence. *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). A trial court's findings of fact entered after a bench trial have the same force and dignity as a jury's verdict. *B. M.*, 1 S.W.3d at 206.

F.C. first asserts in one sentence, without further argument or discussion, that the evidence is legally insufficient to prove that he acted with the culpable mental state required to prove he intentionally, knowingly, or recklessly caused injury to the complaining teacher. *See* Tex. Pen. Code Ann. § 6.02(a) (West 2003). The State did not have to prove all three mental states, so long as it showed that he acted either intentionally, knowingly, or recklessly. A person is deemed to act intentionally when the person consciously desires to engage in illegal conduct or cause a result. *Id*. § 6.03(a) (West 2003). A person acts knowingly when the person is aware of the nature of his conduct or that the conduct is reasonably certain to cause a result. *Id*. § 6.03(b). A person commits an act recklessly who is aware of but consciously disregards a substantial and unjustifiable risk that a result will occur. *Id.* § 6.03(c). A person's intent can be proven by circumstantial evidence and can be inferred from an actor's acts, words, and conduct. *Zuliani v. State*, 903 S.W.2d 812, 827 (Tex. App.—Austin 1995, pet. ref'd).

The evidence shows that despite the teacher's intervention, her assertion to F.C. that she was a teacher, and her command to leave the student alone, F.C. continued to deliver blows, at

5

least two of which struck the teacher. Even assuming that the blows were directed toward the student but instead struck the teacher, an actor can be held responsible for assaulting one person even if the blows were intended for another. *See* Tex. Pen. Code Ann. § 6.04(b)(2). We hold that from the evidence a rational trier of fact could have found beyond a reasonable doubt that F.C. at least committed the offense of assault on the teacher recklessly, the lowest culpable mental state alleged. *Rocha v. State*, 648 S.W.2d 298, 304 (Tex. Crim. App. 1982).

F.C. further contends that the evidence is legally insufficient to prove that the teacher in question was a public servant because it was not shown that she was an employee of a state, county, municipality, or political subdivision. F.C. points out that teachers are not explicitly included within the categories of public servants listed in the enhancement provisions of section 22.01(b)(1) of the penal code, *see* Tex. Pen. Code Ann. § 22.01(b)(1), although at one time they were expressly listed. The evidence is undisputed that at the time of the occurrence in question, Brockington was a teacher employed by the Austin Independent School District teaching at Dobie Middle School.

The state has a constitutional obligation to provide its citizens a system of public free schools. Tex. Const. art. VII, § 1. School districts created in accordance with the laws of the state have the primary responsibility for implementing the state system of public education. Tex. Educ. Code Ann. § 11.002 (West 1996). Independent school districts are quasi-municipal corporations that perform governmental functions. *Stein v. Highland Park Indep. Sch. Dist.*, 540 S.W.2d 552, 553 (Tex. Civ. App.—Texarkana 1976, writ ref'd n.r.e.). They are agencies of government that "derive their powers by delegation from the state. They are state agencies, erected and employed for the purpose of administering the state's system of public schools." *Love v. City of Dallas*, 40 S.W.2d

6

20, 26 (Tex. 1931). Because a school district serves as a branch or agency of government, an officer employed by an independent school district is a public servant. *Powell v. State*, 549 S.W.2d 398, 400 (Tex. Crim. App. 1977). Thus, the penal code's definition of a public servant includes a public school teacher employed by an independent school district. *B. M.,* 1 S.W.3d at 207 (penal code definition of public servant includes employee of independent school district).

Our review of the record reveals that the evidence showed that Ms. Brockington was a teacher employed by the Austin Independent School District and that she was carrying out her duties at the time of the assault. Viewing the evidence in the light most favorable to the judgment, we hold that a rational trier of fact could have found that Lilian Brockington was a public servant at the time of the assault. We overrule F.C.'s second issue and hold that the evidence is legally sufficient to support the juvenile court's finding that F.C. engaged in delinquent conduct as charged.

## CONCLUSION

We overrule F.C.'s two issues on appeal. We affirm the judgment.

_____

Marilyn Aboussie, Justice

Before Justices Kidd, B. A. Smith and Aboussie[*]

Affirmed

Filed:   June 5, 2003

[*]   Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

7