TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00463-CV






In the Matter of F. C.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-21,931, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant F.C., a juvenile, was adjudicated in a bench trial as having engaged in
delinquent conduct by committing the offense of assault on a public servant. See Tex. Fam. Code
Ann. § 54.03 (West 2002); Tex. Pen. Code Ann. § 22.01(b)(1) (West 2003). After a disposition
hearing, he was placed on probation for nine months. See Tex. Fam. Code Ann. § 54.04(d)(1) (West
2002). He appeals on two issues, complaining that the trial court erred by denying his special
exceptions to the original petition and that the evidence is legally insufficient to support the
judgment. We will affirm.


BACKGROUND


 F.C. was a student at Dobie Middle School in Austin, Texas. On March 5, 2002,
Lilian Brockington, a teacher at the school, observed F.C. and two other students assaulting a fourth
student, a frail male student who was bleeding from the mouth. She intervened to stop the fight. 
The evidence shows that the teacher informed the students that she was a teacher and that she pulled
the fourth student away from the group, put her arms around him in an attempt to protect him, and
began walking to take him to the office. She told the students, including F.C., "I'm a teacher, leave
him alone, leave him alone. I'm taking him with me now. Get away. I'm a teacher." Rather than
ceasing his assault, however, F.C. followed the student and teacher and continued hitting. He again
struck the student and in addition struck the teacher on the shoulder and back, causing her pain.
Brockington testified that this occurred while she was carrying out her duties as a teacher at the
school.


DISCUSSION


Challenge to Petition

 In his first complaint, F.C. contends that the allegations of the State's petition were
too vague to inform him of the charges against him so that he could prepare an adequate defense. 
He raised this complaint by written special exception filed in the trial court, in effect asking that the
petition be quashed. He concedes that the pleadings in the petition track the statutes he was alleged
to have violated but argues that the petition did not notify him "how the complaining witness was
a public servant" and, therefore, did not adequately describe with reasonable particularity the manner
of acts he was alleged to have committed. (1) See Tex. Fam. Code Ann. § 53.04(d)(1) (West 2002).

 Actions against a juvenile accused of a criminal offense are initiated by the filing of
a petition in a juvenile court alleging that the juvenile engaged in delinquent conduct by committing
an act that violates a penal statute. Id. § 53.04(a). The petition must state with reasonable
particularity the time, place, and manner of the acts alleged and the penal law the juvenile allegedly
violated by his conduct. Id. § 53.04(d)(1); see also In re Gault, 387 U.S. 1, 33 (1967). The degree
of reasonable particularity required to satisfy the demands of due process is met when the State files
a petition alleging conduct in accordance with the Texas Penal Code; the State need not recite
evidentiary facts not essential for proper notice. In re B.P.H., 83 S.W.3d 400, 405 (Tex. App.--Fort
Worth 2002, no pet.). The petition need not allege an offense with the particularity of a criminal
indictment so long as the charge is reasonable and definite. M.A.V. v. Webb County Court at Law,
842 S.W.2d 739, 745 ( Tex. App.--San Antonio 1992, writ denied). When reviewing a juvenile
court's denial of a motion to quash, we employ an abuse of discretion standard. We will uphold the
trial court's ruling on the motion unless the record shows that the trial court clearly abused its
discretion. B.P.H., 83 S.W.3d at 405.

 The penal code classifies the offense of assault with injury as a class A misdemeanor. 
Tex. Pen. Code Ann. § 22.01(b). The offense is enhanced to a third degree felony if the assault is
against a person the actor knows is a public servant engaged in lawfully discharging an official duty. 
Id. § 22.01(b)(1). The code defines a public servant as a person elected, selected, appointed,
employed or otherwise designated as an officer, employee, or agent of government. Id. 
§ .07(a)(41)(A) (West 2003).

 The petition in this cause alleged that F.C. 


[V]iolated a penal law of this State punishable by imprisonment, to-wit: Section
22.01 of the Texas Penal Code (Assault Public Servant), in that he did then and there
knowingly, intentionally, and recklessly cause bodily injury to Lilian Brockington,
a public servant, by striking the said Lilian Brockington with the said [F.C.'s] hand
while Lilian Brockington was lawfully discharging an official duty and when the said
[F.C.] knew Lilian Brockington was a public servant.



The petition clearly alleged that F.C. committed assault, alleged his victim by name, and identified
her as a public servant assaulted while in the course of discharging her official duties. The State was
not required to plead further evidentiary facts or to identify her particular category of public servant
job. When a term is defined by statute, it need not be further alleged in the charging instrument; the
State need not plead evidence it intends to rely upon. Thomas v. State, 621 S.W.2d 158, 161 (Tex.
Crim. App. 1981) (op. on reh'g). The statutorily defined term is neither vague nor indefinite;
moreover, the term "public servant" describes the type of complaining witness and does not go to
an act or omission of the accused. Id. at 164. Because the pleadings against F. C. were reasonably
particular to place him on notice of the allegations against him, we hold that appellant has not
demonstrated that the trial court clearly abused its discretion in denying appellant's motion. We
overrule F.C.'s first issue.


Legal Sufficiency of Evidence

 In his second issue, appellant complains that the evidence is legally insufficient to
prove that he committed the offense charged. We review adjudications of delinquent conduct in
juvenile proceedings under the same standard of review we employ to review the sufficiency of the
evidence supporting a jury's verdict in a criminal case. See In re L.M., 993 S.W.2d 276, 284 (Tex.
App.--Austin 1999, pet. denied); see also In re B.M., 1 S.W.3d 204, 206 (Tex. App.--Tyler 1999,
no pet.). To evaluate the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether from that evidence any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); L. M.,
993 S.W.2d at 284; see also Tex. Fam. Code Ann. § 54.03(f). The trier of fact is entitled to resolve
any conflict in the evidence, to evaluate the credibility of witnesses, and to determine the weight to
be given any particular evidence. See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
The standard of review is the same for both direct and circumstantial evidence. Green v. State, 840
S.W.2d 394, 401 (Tex. Crim. App. 1992). A trial court's findings of fact entered after a bench trial
have the same force and dignity as a jury's verdict. B. M., 1 S.W.3d at 206.

 F.C. first asserts in one sentence, without further argument or discussion, that the
evidence is legally insufficient to prove that he acted with the culpable mental state required to prove
he intentionally, knowingly, or recklessly caused injury to the complaining teacher. See Tex. Pen.
Code Ann. § 6.02(a) (West 2003). The State did not have to prove all three mental states, so long
as it showed that he acted either intentionally, knowingly, or recklessly. A person is deemed to act
intentionally when the person consciously desires to engage in illegal conduct or cause a result. Id.
§ 6.03(a) (West 2003). A person acts knowingly when the person is aware of the nature of his
conduct or that the conduct is reasonably certain to cause a result. Id. § 6.03(b). A person commits
an act recklessly who is aware of but consciously disregards a substantial and unjustifiable risk that
a result will occur. Id. § 6.03(c). A person's intent can be proven by circumstantial evidence and
can be inferred from an actor's acts, words, and conduct. Zuliani v. State, 903 S.W.2d 812, 827
(Tex. App.--Austin 1995, pet. ref'd).

 The evidence shows that despite the teacher's intervention, her assertion to F.C. that
she was a teacher, and her command to leave the student alone, F.C. continued to deliver blows, at
least two of which struck the teacher. Even assuming that the blows were directed toward the
student but instead struck the teacher, an actor can be held responsible for assaulting one person even
if the blows were intended for another. See Tex. Pen. Code Ann. § 6.04(b)(2). We hold that from
the evidence a rational trier of fact could have found beyond a reasonable doubt that F.C. at least
committed the offense of assault on the teacher recklessly, the lowest culpable mental state alleged. 
Rocha v. State, 648 S.W.2d 298, 304 (Tex. Crim. App. 1982).

 F.C. further contends that the evidence is legally insufficient to prove that the teacher
in question was a public servant because it was not shown that she was an employee of a state,
county, municipality, or political subdivision. F.C. points out that teachers are not explicitly
included within the categories of public servants listed in the enhancement provisions of section
22.01(b)(1) of the penal code, see Tex. Pen. Code Ann. § 22.01(b)(1), although at one time they were
expressly listed. The evidence is undisputed that at the time of the occurrence in question,
Brockington was a teacher employed by the Austin Independent School District teaching at Dobie
Middle School.

 The state has a constitutional obligation to provide its citizens a system of public free
schools. Tex. Const. art. VII, § 1. School districts created in accordance with the laws of the state
have the primary responsibility for implementing the state system of public education. Tex. Educ.
Code Ann. § 11.002 (West 1996). Independent school districts are quasi-municipal corporations that
perform governmental functions. Stein v. Highland Park Indep. Sch. Dist., 540 S.W.2d 552, 553
(Tex. Civ. App.--Texarkana 1976, writ ref'd n.r.e.). They are agencies of government that "derive
their powers by delegation from the state. They are state agencies, erected and employed for the
purpose of administering the state's system of public schools." Love v. City of Dallas, 40 S.W.2d
20, 26 (Tex. 1931). Because a school district serves as a branch or agency of government, an officer
employed by an independent school district is a public servant. Powell v. State, 549 S.W.2d 398,
400 (Tex. Crim. App. 1977). Thus, the penal code's definition of a public servant includes a public
school teacher employed by an independent school district. B. M., 1 S.W.3d at 207 (penal code
definition of public servant includes employee of independent school district).

 Our review of the record reveals that the evidence showed that Ms. Brockington was
a teacher employed by the Austin Independent School District and that she was carrying out her
duties at the time of the assault. Viewing the evidence in the light most favorable to the judgment, 
we hold that a rational trier of fact could have found that Lilian Brockington was a public servant
at the time of the assault. We overrule F.C.'s second issue and hold that the evidence is legally
sufficient to support the juvenile court's finding that F.C. engaged in delinquent conduct as charged. 


CONCLUSION


 We overrule F.C.'s two issues on appeal. We affirm the judgment.



 

 Marilyn Aboussie, Justice

Before Justices Kidd, B. A. Smith and Aboussie*

Affirmed

Filed: June 5, 2003

* Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In his brief, F.C. states that he also challenged how he knew the teacher was a public
servant. However, he does not cite a record reference where he raised this issue in writing below and
we are unable to locate such a written complaint in the record. Tex. R. Civ. P. 90; Tex. Fam. Code
Ann. § 51.09 (West 2002).