CECIL L. THOMPSON V. STATE.

No. 30,785. June 3, 1959.
Motion for Rehearing Overruled October 14, 1959.

*Lumpkin, Watson & Dunlap* (*Dean Dunlap*, of Counsel), Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender; the punishment, ten days in jail.

Sheriff Turner and his deputy Board testified that they first

observed the appellant's automobile as it was stopped on the shoulder of the highway, that it started up, made a U turn, and that they then brought it to a halt and observed the appellant, who was the driver. They stated that his eyes were red, that he could not stand still, that he staggered when he walked, was incoherent in his speech, smelled of intoxicants, and expressed the opinion that he was intoxicated.

Appellant called his companion on the night in question, who stated that they had left Stratford with some beer in the automobile, drove to Texhoma where they purchased some more, and were returning home when they were arrested.

Appllant, testifying in his own behalf, admitted purchasing a case of beer at Texhoma earlier in the day and returning later with a companion to buy some more, but denied that he was intoxicated. He explained the redness of his eyes by saying that he had been working out in blowing dust on that day and attributed the unsteadiness of his gait to an accident he had several years before.

The prior conviction was stipulated.

We overrule the appellant's contention that the evidence is insufficient to support the conviction and are unable to appraise his complaint that he was not permitted to prove fully the details of his prior injury because nowhere in the record does it appear what the excluded testimony would have been. Brinkley v. State, 161 Texas Cr. Rep. 413, 277 S.W. 2d 704, and Barry v. State, 165 Texas Cr. Rep. 204, 305 S.W. 2d 580.

Finding no reversible error, the judgment of the trial court is affirmed.