John Ross DUNCAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43259.

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Jack Ray, Gordon Whitman, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Wayne Roberts, Otto Stephani, Jr., and Timothy Thompson, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by firearms; the punishment, thirty-two (32) years.

Appellant's first and second grounds of error assert that he was unduly limited in interrogating his mother as to his mental condition following drinking sprees. There is nothing in the record to show what testimony of the witness would have been had it been permitted. It is axiomatic that in order to reflect reversible error upon the excluded evidence, the proffered evidence must be in the record before us. We do note that both the appellant's mother and a sister testified at length as to his drinking habits and his condition following a drinking spree. In Thomas v. State, Tex.Cr.App., 438 S.W.2d 112, we said:

"The sole ground of error is the alleged error of the trial court in sustaining objections to questions propounded to appellant and his witnesses. Nowhere in this record do we find what the witnesses' answers would have been if they had been permitted to testify.

"Constantly throughout the years this Court has held that where there is no showing as to what the witnesses' answers to the questions would have been nothing is presented for review. Beasley v. State, Tex.Cr.App., 428 S.W.2d 317; East v. State, Tex.Cr.App., 420 S.W.2d 414; Hill v. State, Tex.Cr.App., 403 S.W.2d 797, case II; Thompson v. State, 168 Tex.Cr. R. 357, 327 S.W.2d 577; Brinkley v. State, 161 Tex.Cr.R. 413, 277 S.W.2d 704; and Brown v. State, Tex.Cr.App., 438 S.W.2d

926 (delivered March 5, 1969), and the cases cited in each of the above opinions."

 Appellant's third, fourth and fifth grounds of error relate to an alleged reproduction of testimony under Art. 36.28, Vernon's Ann.C.C.P. The only thing in this record to indicate that any such communication actually occurred, is one sheet in the record on appeal which bears at its top in handwriting the following words, "Jury wants Mr. Musselwhite's statement about handing over the sack of money to the defendant. Signed J. M. Gordon."

Following this sheet, is typewritten the following: "Members of the jury in answer to your note, I give you the following:

'Q. * * * and did you notice anything unusual about him, at that time?

'A. The unusual thing was that he pointed a gun at me and said, "This is a robbery."

'Q. * * * Exactly * * * what did he say?

'A. This is a hold-up, Give me the money.

'Q. Did you make any response?

'A. Yes, I said, "It would not be worth it, Man; we have only got about $60.00."

'Q. Did he say anything in response to that?

'A. He said, "Give me your money."

'Q. What did you do?

'A. I gave him the money. Signed: J. E. Winters, Judge Presiding'

There is no showing that the appellant requested that any further portions of Musselwhite's testimony be reproduced. We have examined Musselwhite's testimony and find that nothing of value to the defendant was deleted.

There is no showing in the record that this communication occurred in the absence of the defendant. Pugh v. State, Tex.Cr. App., 376 S.W.2d 760, upon which appellant relies, is easily distinguished from the fact situation before us here. In that case, the court, of its own volition and over the objection of the appellant, recalled the jury and had the court reporter read to them much of the testimony of one of the arresting officers. Such is not the case before us here.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.