**Cipriano FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–210–CR.**

Court of Appeals of Texas,
Austin.

March 18, 1992.

Christian A. Hubner, Icenhauer–Ramirez & Hubner, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Reuben Young, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated sexual assault. 1983 Tex.Gen.Laws, ch. 977, § 3, at 5312 (Tex.Penal Code Ann. § 22.021, since amended). The jury assessed punishment at imprisonment for seventy-five years.

The court's charge authorized appellant's conviction if the jury found that he penetrated with his sexual organ the mouth or the female sexual organ of the child victim. The jury returned a general verdict of guilty. Appellant does not question the sufficiency of the evidence.

■ In his only point of error, appellant complains that the district court erred by permitting a portion of the testimony to be read to the jurors without a showing that the jury disagreed as to the testimony. Appellant bases this contention on the text of art. 36.28 of the Code of Criminal Procedure, which states:

> In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other. . . .

Tex.Code Crim.Proc.Ann. art. 36.28 (1981).

During its deliberation at the guilt stage, the jury sent a note to the court that read, "We, the jury, request a transcript of the testimony of [the victim's brother] regarding his observation of Cipriano Flores' alleged penetration of the vagina and/or mouth of [the victim]." Appellant requested that the court answer this request by instructing the jurors that the testimony would be read if they reported a disagreement about this testimony. *See* 8 Michael J. McCormick & Thomas D. Blackwell, *Texas Criminal Forms and Trial Manual* § 80.20 (Texas Practice 9th ed. 1985). The court declined to give the requested instruction, stating, "You know they disagree or they wouldn't ask." The court added, "[T]he point of that statute was so that they couldn't read back the whole testimony, but just that portion." Over appellant's objection, the court then had the reporter read the requested testimony to the jury.

■ Appellant cites no authority holding that it is error to read back a portion of a witness' testimony in the absence of an

express statement by the jury that it is in disagreement as to the testimony. Granted, it is not error to require a jury to state that it has such a disagreement, and it may even be the better practice to do so. *See Iness v. State*, 606 S.W.2d 306, 314 (Tex. Crim.App.1980); *Corley v. State*, 582 S.W.2d 815, 820 (Tex.Crim.App.1979); *Thrash v. State*, 482 S.W.2d 213, 214 (Tex. Crim.App.1972); *Fuller v. State*, 716 S.W.2d 721, 724 (Tex.App.1986, pet. ref'd). We agree with the district court, however, that the existence of a disagreement was implicit in the jury's request.

Under art. 36.28, the jury is allowed to rehear only the testimony it specifically requests. The jury's note in this cause was narrow and specific, and clearly identified the testimony the jury wished to hear. Appellant does not contend that the testimony read to the jury went beyond the request, nor does he contend that any material testimony was omitted. We find that there was no violation of art. 36.28. The point of error is overruled.

The judgment of conviction is affirmed.