**Angela Monique MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00077–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1993.

Discretionary Review Granted
Sept. 22, 1993.

Kevin Oncken, Oncken & Oncken, P.C., Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Blair Davis, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

**OPINION**

WILSON, Justice.

A jury found appellant, Angela Monique Moore, guilty of aggravated assault on a peace officer. The trial court assessed punishment at one-year confinement, probated for one year. We reverse.

State's witnesses testified that on November 20, 1990, Deputy Randy Eng was patrolling the lobby of the Harris County jail. During his patrol, Eng met with Sergeant Walter Preuss, who told him he had earlier escorted appellant off the premises after she created a disturbance. Shortly thereafter, Eng heard appellant using vulgar language inside the lobby of the jail.

Eng asked appellant to leave, but appellant refused and continued to use vulgar language. Eng then arrested appellant for disorderly conduct, handcuffed her, and took her from the public area into a restricted hallway.

Appellant struggled with Eng as he attempted to take her to the booking area of the jail. Sergeant Debra Schmidt saw the struggle from her office, and went to assist Eng. Schmidt and Eng each took one of appellant's arms, and escorted her to the booking area. When they arrived, two other deputies took appellant to a holding cell, as Schmidt followed behind them. When they reached the holding cell, appellant placed her feet against the door to the cell and pushed herself backwards onto Schmidt. The two fell to the floor, and Schmidt sustained injuries to her lower back and her arm. The officers then placed appellant inside the holding cell.

Appellant testified she came to the jail with her daughter to visit her brother. She was asked who she was there to visit, and then was told she would not be permitted to see anyone and given five seconds to leave. When she approached the information desk to complain, she was arrested. She denies that she used any vulgarities before she was hit in the jaw by one of the officers. Appellant testified she informed the officers she was eight to twelve weeks pregnant, but they nonetheless assaulted her, causing her to miscarry shortly after the incident.

■ We find appellant's third point of error dispositive. In that point of error, appellant contends the trial court erred in permitting testimony to be re-read to the jury during its deliberations, without first obtaining certification[1] from the jury that there was a dispute among them regarding some point within that testimony.

During its deliberations, the jury sent three notes to the judge, asking that certain testimony be read back to them. The first note, filed with the trial court at 10:36 a.m. on January 22, 1992, stated:

We would like to hear read the testimony of Moore, Ing [sic], and Schmidt describing what happened from the point where Ms. Moore was taken through the doors from the public area.

The judge responded that the testimony would not be available until after 1:00 p.m. Appellant's counsel asked the judge to instruct the jury to certify that there was a dispute among them about a particular point in the testimony. The trial court refused.

The second note, filed with the court at 1:45 p.m., stated:

The jury requests to hear the earlier requested testimony of Officer Ing [sic] and then retire for further deliberations. If the other testimony is needed we will request it.

The judge responded that he was still awaiting the arrival of the court reporter. The final note, filed at 3:15 p.m. stated:

We cannot progress any further until Officer Ing's [sic] testimony is read for us. Is the court reporter here so she can read that portion of the testimony?

Appellant's counsel again objected to the re-reading of testimony without a certification of a dispute, which was overruled. The court reporter then re-read portions of Eng's direct and cross-examination testimony describing what happened from the point appellant was first taken into custody until she was placed in a holding cell.

Article 36.28 of the Code of Criminal Procedure governs the reading of testimony to the jury during its deliberations. It provides, in part:

---

1. The dissent opines that we are considering a point of error not raised by appellant. We fundamentally disagree. Beginning with appellant's objections at trial, argued in appellant's brief and encapsulated into his point of error number three, we understand appellant's complaint to be that the trial judge refused to ascertain in writing from the jury what the jury's *specific* disagreement was about Eng's testimony. We do not understand the appellant in this case, or the Court of Criminal Appeals in *Iness,* to be concerned with some rigid *form* of the communication received by the court from the jury, but rather with the specificity of its *substance.*

In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other....

TEX.CODE CRIM.P.ANN. art. 36.28 (Vernon 1981).

"When a jury asks that certain *disputed* testimony be re-read, the court *must* first determine if the request is proper under article 36.28[.] If it is proper, the court must then interpret the communication; decide, in its discretion what sections of the testimony will best answer the query, and limit the testimony accordingly." *Iness v. State*, 606 S.W.2d 306, 314 (Tex.Crim.App. 1980) (emphasis added).

■ The State contends, and we acknowledge, that article 36.28 does not explicitly state that a jury must "certify in writing" that they are in disagreement. However, this section does require that "the jury disagree as to the statement of any witness" before testimony may be reread to them. It is the responsibility of the trial court to "determine if the request is proper under article 36.28." *Iness*, 606 S.W.2d at 314. [2]

■ In the present case, the final note from the jury merely stated that they "could not progress any further" without the re-reading of Officer Eng's testimony. Standing alone, or considered cumulatively with the prior notes, the third note does not indicate either that the jury was in disagreement, or specify a particular matter that was the focus of any disagreement. The State asserts that the jury's disagreement was "implicit" in their requests. [3] We acknowledge that disagreement may be reflected in the third note, but not implicitly so. [4] Indeed, the jury's request to hear the testimony "from the point Ms. Moore was taken through the doors from the public area" indicates the jury wanted to rehear Officer Eng's testimony regarding the *entire* incident, save the initial disturbance in the lobby. The portion of the testimony actually read to the jury consisted of some 11 pages of trial testimony covering a variety of different observations of the witness about the incident.

---

2. In *Iness*, the defendant was prosecuted for rape. During the jury deliberations, the jury *sent out a note asking to rehear testimony of the* victim regarding actual penetration. The Court of Criminal Appeals found the trial court "properly instructed [the jury] that they must certify their disagreement and request only that part of a witness' testimony which was in dispute." After the trial judge instructed the jury, they sent out the following note:

At the beginning of where [the victim] was being questioned by the D.A. about actual penetration. We are in disagreement as to her answers concerning this matter.

The trial judge then permitted the jury to hear the direct and cross-examination of her which related only to penetration. The Court of Criminal Appeals found the judge did not abuse his discretion in permitting this testimony. *Iness*, 606 S.W.2d at 314.

3. The State bases this argument on *Flores v. State*, 827 S.W.2d 529 (Tex.App.—Austin 1992, no pet.). In that case, the appellate court found "no authority holding that it is error to read back a portion of a witness' testimony in the absence of an express statement by the jury that it is in disagreement as to the testimony." 827 S.W.2d at 530–31. The jury's request in that case stated:

We, the jury, request a transcript of the testimony of [the victim's brother] regarding his

observation of Cipriano Flores' alleged penetration of the vagina and/or mouth of [the victim].

The Austin court acknowledged that it may be "the better practice" to obtain written certification, but agreed with the trial judge's conclusion that the existence of a disagreement was implicit in the jury's request. *Flores*, 827 S.W.2d at 530–31.

4. It is certainly easier to find compliance with the statute when the jury's wishes are expressed objectively. Relying on the judge's subjective interpretations of a jury request is a far riskier procedure given the statute's absolute command that the jury is to hear only the testimony in dispute, *and no other*. The first note asked for the testimony of Schmidt, Moore, and Eng and may suggest the jury wanted to re-hear and then re-weigh the testimony of the three main witnesses. The last note's narrowed application only to Eng may have been a result of a decision that the testimony of Schmidt, the complaining witness, and Moore, the defendant, was offsetting and the critical witness was Eng. The jury's reason for submitting the final note may have resulted from their collective decision that Eng's testimony was the most critical, and therefore should be reheard. If the jury was so motivated, their request would be outside of the statute, and re-reading the testimony would be error.

We hold the trial court abused its discretion in causing trial testimony to be re-read to the jury without compliance with article 36.28. We cannot say that the re-reading of the testimony of Officer Eng did not contribute to appellant's conviction. This testimony, heard for a second time by the jury in the midst of their deliberations, effectively bolstered the State's case against appellant. Therefore, we conclude that this error was not harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2) (Vernon 1992). Appellant's third point of error is sustained. The judgment of the trial court is reversed and we remand to the trial court for a new trial.

DUGGAN, Justice, dissenting on refusal to consider en banc.

I respectfully dissent from the majority's refusal to consider *en banc* the panel's decision to reverse the judgment of conviction based solely on appellant's point of error three. TEX.R.APP.P. 79(d), (e). I believe the trial court did not abuse its discretion in finding that the jurors implicitly disagreed among themselves as to Deputy Eng's testimony, and were therefore entitled to have the testimony read. It appears from the record, including appellant's brief, that appellant did not dispute the existence of this implicit disagreement. The majority has ignored the narrow procedural complaint appellant actually urged, and has granted reversal on its restatement of a complaint that was not asserted.

Appellant's point of error three literally states:

"The trial court erred in having testimony re-read for the jury during its deliberation *without certification from the jury* that there was a dispute amongst them as to some point within said testimony."

(Emphasis added.)

A plain reading of appellant's point of error shows that he complains that the trial court refused to require the jury to *certify their disagreement* among themselves as to some point in the testimony, but instead allowed testimony to be read solely on his *finding* that they disagreed as to some point.

From the time the court received the deliberating jury's first note, appellant's counsel repeatedly requested the trial judge to require the jury to certify their disagreement about the witness' testimony, a procedure to be done in some court-directed manner not spelled out in TEX.CODE CRIM.P.ANN. art. 36.28 (Vernon 1981). Appellant timely objected to the court's refusals. His appellate complaint understandably sought from us a case law decision directly addressing what was previously stated only in dicta by the Court of Criminal Appeals in *Iness v. State*, 606 S.W.2d 306 (Tex.Crim.App.1980). In *Iness*, the court stated:

The court properly instructed [the jury] that they must certify their disagreement and request only that part of a witness' testimony which was in dispute.

606 S.W.2d at 314. The *Iness* trial court's instruction to the jury to "certify their disagreement" was certainly not error, since nothing in article 36.28 *prohibits* such a procedure in determining jury disagreement; however, as the majority opinion correctly notes, the statute makes no such requirement. Ironically, the court rejects appellant's contention, but rewrites his point of error to grant relief on a basis he did not urge.

In argument in his brief under point of error three, appellant emphasizes that his complaint is about the court's refusal to require certification of a dispute. He first writes that "[o]n several occasions prior to the testimony being re-read for the jury, the appellant objected and requested that the trial court notify the jury *that they were required to certify that a dispute existed* as to a particular point.... (Emphasis added.) Appellant then cites the quoted *Iness* language noting that "the court properly instructed them that they *must certify* their disagreement...." (Emphasis in appellant's brief.) He next argues, "There is no question that *it is mandatory that there be a certification* as to a dispute...." (Emphasis added.) Later, his brief reiterates, "In the instant case, the appellant *repeatedly asked the trial court to instruct the jury that they*

*must certify a dispute* before testimony can be reread. (Emphasis added.)

In summary, the majority rejects—I believe correctly—appellant's stated claim of error, i.e., the court's refusal to require the jury to certify their disagreement. However, the majority proceeds to sustain his point of error and reverse—I believe erroneously—by interpreting his complaint as one they consider appellant should have urged, i.e., the court's abuse of discretion in finding implicit disagreement.

I would hold that, in fact, implied disagreement among the jurors is *shown*. The jury's second and third notes to the court make plain that they are "at a standstill" in their deliberations until Deputy Eng's testimony can be read to them. When a jury waits hours to hear a witness's testimony read back, I do not believe a trial judge is unreasonable in concluding the jury disagrees about that testimony. The progression of events during jury deliberations underscored the reasonableness of the judge's conclusion that the jury was in disagreement about Eng's testimony. Having earlier asked for three witnesses' testimony, and having been told that the reporter was not available, the jury finally asked only for Detective Eng's testimony on the matter. The reasonable deduction was that the jurors had resolved any concerns they had about the other two witnesses, the complainant and the defendant, and were now focused on Eng, the "independent" witness. The possible logical conclusions from the jury's second and third requests were that: (1) the jurors all thought they remembered Eng's testimony, but they disagreed about it; (2) some jurors had forgotten Eng's testimony, and were unwilling to accept other juror's recollections about it; and (3) all 12 jurors had forgotten it. The last alternative was highly improbable. I would categorize possibilities (1) and (2) as varieties of disagreement. Disagreement about Eng's testimony entitled them to have it re-read.

I find no authority holding that the jury disagreement required under article 38.26 cannot be implicit disagreement. Nothing in article 38.26, and no reported case on the subject, prescribes a ritual to be practiced by either the trial court or jury in order that the court may determine jury disagreement. Indeed, appellant's point of error sought to have this Court determine that the trial court's knowledge of jury disagreement must be based on jury certification of that fact, as the *Iness* dicta approved.

No Texas appellate decision has yet reversed a conviction based on a trial judge's unreasonable finding of jury disagreement about a witness's testimony. A close, but distinguishable situation, is found in *Pugh v. State*, 376 S.W.2d 760 (Tex.Crim.App. 1964), where the jury did not ask for the testimony of any witness, but simply requested the date and time of an incident. There, after the information sought was stipulated and furnished, the jury retired and continued deliberations. The *Pugh* trial judge, on his own motion and over objection, then ordered that all of the arresting officer's testimony be read back, none of which related to time and place of the incident inquired about. The Court of Criminal Appeals held this "was not authorized and tended to bolster the state's case," 376 S.W.2d at 762, and reversed and remanded.

In *Flores v. State*, 827 S.W.2d 529, 530–531 (Tex.App.—Austin 1992, no pet.), appellant requested and was denied, as a predicate for reading back testimony, even less than a "certification" of disagreement among the jury. There, appellant sought simply to have the trial court answer the jury's request for testimony "by instructing the jury that the testimony would be read if they *reported* a disagreement about this testimony." 827 S.W.2d at 530 (emphasis added). The trial judge refused, stating, "You know they disagree or they wouldn't ask." He further added, "[t]he point of [article 36.28] was so that they couldn't read back the whole testimony but just that portion." 827 S.W.2d at 530. In rejecting Flores' complaint that the trial court erred in not requiring the jury to report a disagreement about the requested testimony, the Austin Court of Appeals held:

Granted, it is not error to require a jury to state that it has such a disagreement, and it may even be the better practice to do so. [citing authorities]. We agree with the district court, however, that *the existence of a disagreement was implicit in the jury's request.*

827 S.W.2d at 531 (emphasis added).

Finally, appellant does not urge as a point of error, as others have successfully done, either that the testimony read to the jury went beyond the testimony requested, or that any material testimony was omitted. I would reject appellant's precisely stated complaint, as the majority did. However, I would then hold that the trial court did not abuse its discretion, but reasonably found that the jurors implicitly disagreed among themselves about Deputy Eng's testimony, and did not err in allowing it to be read back to the jury. I would overrule appellant's point of error three and consider the remainder of appellant's complaints on appeal.