**Angela Monique MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 746–93.**

Court of Criminal Appeals of Texas.

March 23, 1994.

---

J. Kevin Oncken, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., and Scott A. Durfee, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

A jury found Appellant guilty of aggravated assault. The trial court assessed punishment at confinement for one year, probated. The Court of Appeals reversed the conviction after finding the trial court had violated Article 36.28, V.A.C.C.P.,[1] and finding the error was not harmless under Tex.R.App.Pro. 81(b)(2). *Moore v. State,* 856 S.W.2d 502 (Tex.App.—Houston [1st] 1993). We grant-

ed the State's petition for discretionary review to decide whether the Court of Appeals erred by holding the trial court abused its discretion under Art. 36.28 by having testimony read to the jury without determining that the jury disagreed about some part of that testimony.

Appellant was tried for assaulting a peace officer at the Harris County Jail. Deputy Randy Eng and Sergeant Debra Schmidt, members of the Harris County Sheriff's Department, testified regarding Appellant's assault on Schmidt. Appellant also testified.

During its deliberations the jury sent out a note stating, "We would like to hear read the testimony of Moore, Ing(sic) and Schmidt describing what happened from the point where Ms Moore was taken through the doors from the public area." Appellant requested that the trial court inform the jurors they must certify there was a dispute among them as to a particular point in the testimony. The court denied the request and informed the jury that the court reporter had to retrieve her notes so the testimony would not be available until 1:00 p.m. At 1:45 p.m. the jury sent out another note: "The jury requests to hear the earlier requested testimony of officer Ing[sic] and then retire for further deliberation. If the other testimony is needed we will request it." The judge informed the jury that he was still waiting for the court reporter to return. At 3:15 p.m. the jury sent out the following note, "We cannot progress any further until Officer Ing's[sic] testimony is read for us. Is the court reporter here so she can read that portion of the testimony?" The court reporter had returned by this time and Appellant objected to reading any testimony "because the jury has not certified that there is a dispute among themselves—". The trial court overruled the objection and the court reporter read portions of Eng's testimony to the jury.

---

1. Article 36.28 states:
   In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no oth-

er; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial.

The Court of Appeals held that under Art. 36.28 the jury must disagree as to the statement of any witness before testimony may be read, although such disagreement need not be certified in writing. The court stated that the last note from the jury, considered by itself or in conjunction with the prior notes, did not indicate the jury was in disagreement or specify a particular matter that was the focus of disagreement. In response to the State's claim that the last note reflected implicit disagreement, the Court of Appeals stated that the note may have indicated the jury decided Eng's testimony was most important and the jury simply wanted to hear Eng's testimony about the entire incident except the initial disturbance in the lobby. If this was the reason, the request and reading would not be proper under Art. 36.28. We agree with the holding of the Court of Appeals.

The State contends the instant case conflicts with *Flores v. State*, 827 S.W.2d 529 (Tex.App.—Austin 1992; no pet.), and argues that the Court of Appeals' interpretation of the language of Art. 36.28 is too narrow. Finally, the State claims, as urged in the dissenting opinion, that implicit disagreement was shown.

In *Flores* the jury sent a note to the court requesting a transcript of testimony of a named witness about a particular topic. The defendant requested that the court answer the note by informing the jury that the testimony would be read if it reported a disagreement about the testimony. The trial court refused to so inform the jury, stating, " 'You know they disagree or they wouldn't ask.' " *Flores*, supra at 530. The Austin Court of Appeals found no error, holding that the jury's request reflected implicit disagreement and was not contrary to Art. 36.28.

We agree with the State that *Flores* is indistinguishable. However, we also believe it was wrongly decided under the language of Art. 36.28 and established case law, as our analysis will show.

Article 36.28 provides that *"if the jury disagree* as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes *that part of such witness testimony or*

*the particular point in dispute, and no other . . . ."* (emphasis added). The statute is clear. The jury must disagree about a specified part of testimony before the statement of a witness may be read to them. This disagreement must be made known to the trial judge by the jury so that it is proper to read the testimony and so that the judge will know what testimony is in dispute. That is how a trial court determines a request is proper. See *Iness v. State*, 606 S.W.2d 306, 314 (Tex.Cr.App.1980). A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under Art. 36.28. *Jones v. State*, 706 S.W.2d 664, 667 (Tex.Cr.App.1986); *Iness*, supra at 314; *Brooks v. State*, 499 S.W.2d 99, 101 (Tex.Cr.App.1973) (trial court properly denied jury foreman's request to hear testimony already reproduced once because request did not show jury was still in dispute); *Swindell v. State*, 491 S.W.2d 400, 401 (Tex.Cr.App.1973) (trial court properly refused jury's request for all of the testimony of two witnesses unless the jury specified what portions of the testimony, if any, were in dispute); *Thrash v. State*, 482 S.W.2d 213, 214 (Tex.Cr.App.1972) (trial court properly responded to a request for testimony of a defense witness in terms of Art. 36.28, which provides for repetition of testimony on points of disagreement); *Cherry v. State*, 447 S.W.2d 154, 158 (Tex.Cr.App.1969) (jury requested testimony of one witness on the issue of identity; no error when trial court properly responded in accord with Art. 36.28 that jury must indicate to court its disagreement as to testimony and jury made no further request); *Fuller v. State*, 716 S.W.2d 721, 724 (Tex.App.—Corpus Christi 1986, pet. ref'd) (jury's request that certain testimony be read without stating that a dispute existed as to that testimony not proper under Art. 36.28; no error when trial court instructed jury in terms of Art. 36.28 and jury made no further inquiry); *Gillett v. State*, 663 S.W.2d 480 (Tex.App.—Corpus Christi 1983, no pet.) (trial court did not err in refusing to permit testimony to be read when jury simply requested testimony of two witnesses without indicating any dispute); see also *Munoz v. State*, 524 S.W.2d 710, 712 (Tex.Cr.App.1975);

*Martin v. State,* 459 S.W.2d 845, 846–847 (Tex.Cr.App.1970); *Vasquez v. State,* 415 S.W.2d 188, 191 (Tex.Cr.App.1967).[2]

■ These cases reflect application of the clear language of Art. 36.28, which requires that the jury indicate its disagreement as to the statement of a witness in order to have the testimony in dispute read to the jury. Contrary to *Flores,* a request for testimony, without more, is not an indication of implicit disagreement. To hold otherwise permits speculation in every case as to the possibility of disagreement. Just as plausibly, however, one can speculate that the jury as a whole or certain jurors might not remember the testimony and do not disagree with the recollection of other jurors. Under Art. 36.28 this is not a proper reason for reading testimony. Article 36.28 requires disagreement to be shown. In the instant case the Court of Appeals correctly held that the jury's request to hear Eng's testimony did not indicate disagreement as required under Art. 36.28. The trial court abused its discretion in reading the testimony without determining if a disagreement existed. Accordingly, we affirm the judgment of the Court of Appeals.

**2.** The State's reliance on *Duncan v. State,* 459 S.W.2d 822, 823 (Tex.Cr.App.1970) and *Gilderbloom v. State,* 160 Tex.Crim. 471, 272 S.W.2d 106, 109 (1954) is not well taken. In *Duncan* this Court noted that nothing in the record indicated a communication actually occurred. All the record contained was a jury note requesting testimony and a reply from the trial judge.

There was no discussion of Art. 36.28 and no indication the issue was failure to show disagreement. In *Gilderbloom* this Court's two-sentence disposition of claimed error is hardly informative or explanatory. It is difficult to know what the issue was or exactly what the jury's request stated.