TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00699-CR







Willie Arthur Davis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 18,573, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The jury assessed
punishment at imprisonment for twenty years and a $10,000 fine.

 In his only point of error, appellant contends the district court erred by permitting
the testimony of a witness to be read back to the jury. The pertinent statute is article 36.28 of the
Code of Criminal Procedure, which provides in part: "[I]f the jury disagree as to the statement
of any witness they may, upon applying to the court, have read to them from the court reporter's
notes that part of such witness testimony or the particular point in dispute, and no other." Tex.
Code Crim. Proc. Ann. art. 36.28 (West 1981).

 After the jury retired to deliberate appellant's guilt, the court made this statement
for the record:

 THE COURT: Let the record reflect that present are Counsel and the
defendant. The jury is out. They sent a note out that they want Mister, excuse
me, Deputy Richloff's testimony read back to them. I sent a written message,
signed as part of the record that they need to designate what portion of his
testimony there is a dispute about, and then . . . once they put that in writing . . .
I will have them brought back in here after Nancy finds that portion that they are
interested in and read it back to them. That is what's happening, so as soon as
they get that written notice out, we will do that little process.[ (1)]



Later, without further mention of this matter, the jurors were allowed to separate for the night. 
The following morning, the jury returned to the courtroom and the following proceedings took
place:


 THE COURT: All right, the Court will come to order. Let the record
reflect that all members of the jury are being present in court. Last night the jury
requested that Deputy Ted Richloff's testimony be read back to them.


[DEFENSE COUNSEL]: Your Honor, I think that the note that the Court provided
earlier is sufficient. I think that, if there is a disagreement on a certain particular
piece of the testimony, then I think it should be read and be resolved, however, I
think that just reading back the entire testimony of a witness in a case is not
warranted. If there is a disagreement, as to what some person said, I think he said
this and others think he said that, we can have that portion read back. I would
object to the entire testimony being read back.


THE COURT: Mr. Woods, can the jury hone down any more than what the
note says, or do you want the entire portion read back?


MR. WOOD: Uh, we would like the entire portion.


THE COURT: All right. The entire testimony of Deputy Richloff.


MR. WOOD: Yes.


THE COURT: Objection noted for the record and overruled.



The testimony of Deputy Ted Richloff, which consumes fourteen pages of the statement of facts,
was then read to the jury.

 When the jury asks to rehear testimony, the trial court must determine whether the
request complies with article 36.28. Innes v. State, 606 S.W.2d 306, 314 (Tex. Crim. App.
1980). A simple request for testimony that does not reflect a disagreement among the jurors does
not comply with the statute. Moore v. State, 874 S.W.2d 671, 673-74 (Tex. Crim. App. 1994). 
The manner by which the trial court determines whether there is a factual dispute among the
jurors is left to the court's sound discretion. Robison v. State, 888 S.W.2d 473, 480 (Tex. Crim.
App. 1994). Similarly, the trial court's decision as to which portions of the testimony will best
answer the jury's inquiry will not be disturbed on appeal unless a clear abuse of discretion is
shown. Brown v. State, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994).

 Appellant does not contend that no disagreement among the jurors was shown to
exist. Rather, appellant urges that the district court erred by having all of Richloff's testimony,
not just the disputed portion, read to the jury. 

 After the jurors asked to rehear Richloff's testimony, the district court instructed
them to designate the portion of the witness's testimony about which they had a dispute. Defense
counsel stated for the record that he was satisfied with the court's instruction in this regard. 
Later, upon further inquiry by the court, the foreman of the jury indicated that greater specificity
was not possible and again asked to hear all of the witness's testimony. On this record, we cannot
say that the court clearly abused its discretion by determining that the jury had a disagreement
regarding the content of Richloff's testimony that could be satisfied only by reading that testimony
in its entirety.

 Even if the court did abuse its discretion, the error was harmless beyond a
reasonable doubt. Tex. R. App. P. 81(b)(2). The State called three witnesses at the guilt stage. 
The arresting officer testified that, after stopping appellant for a traffic offense, he found in
appellant's possession a plastic container holding what he believed to be rocks of crack cocaine. 
A chemist testified that the suspect substance was cocaine. Finally, Richloff testified that, based
on his training and experience, a person who possesses approximately eighty rocks of crack
cocaine, as appellant did, does so with intent to deliver. He also testified to the street value of
a rock of crack cocaine.

 Richloff's testimony was not cumulative of the other witnesses and was relevant
only to prove that appellant possessed the cocaine with intent to deliver, as alleged in the
indictment. Despite hearing this testimony twice, the jury convicted appellant of the lesser
included offense of simple possession. Thus, we are satisfied that rehearing Richloff's testimony
in its entirety did not contribute to the conviction.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: 

Do Not Publish
1. Neither the jury's note nor the court's written reply appear in the record. We find the
court's statement adequate to convey the contents of each.