**Ronald John DeGRAFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00793–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 24, 1997.

Emmet Moore, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

**OPINION ON REMAND**

AMIDEI, Justice.

A jury convicted appellant of misdemeanor assault. The trial court assessed his punishment at thirty days in the county jail and a $300.00 fine probated for two years. On appeal to this court, appellant contended (1) the trial court abused its discretion in having testimony read to the jury and (2) the trial court erred in denying appellant's motion for mistrial. We reversed and remanded finding the trial court abused its discretion by reading testimony of a police officer to the jury without determining if a disagreement existed as required by article 36.28, Texas Code of Criminal Procedure. *DeGraff v. State,* 932 S.W.2d 668 (Tex.App.—Houston [14th Dist.] 1996). The state obtained discretionary review and the court of criminal appeals vacated our decision and remanded the cause to this court for a harm analysis. *DeGraff v.*

*State,* 934 S.W.2d 687 (Tex.Crim.App.1996). We reverse and remand.

Appellant was convicted of misdemeanor assault of Patricia Royer that occurred at Arnold Junior High in Harris County on February 1, 1994. Appellant and Ms. Royer drove their cars to Arnold Junior High to pick up their respective children and almost collided with each other on the way to the school. The evidence is conflicting, but indicates an altercation in front of the school between appellant and Ms. Royer that broke up and then started again inside the school building. Appellant claims that Ms. Royer hit him in the back as he was pushing her away trying to stop her. Ms. Royer testified that she pushed him aside trying to get in the front door and that appellant hit her. One eye witness, Judy Mohn, was parked in front of the school when she saw part of the altercation. Ms. Mohn testified that Ms. Royer attacked appellant outside the school building at the entrance door and struck appellant with her fists and kicked him. Ms. Mohn testified that appellant did not hit Ms. Royer and pushed her away and she fell to the ground. Ms. Mohn testified that Ms. Royer then jumped up and attacked appellant again in the doorway to the school and both fell inside the door; Ms. Mohn did not see the remainder of the altercation inside the building. The other eyewitness, Brett Stoops, a fourteen year-old student, testified he saw appellant on top of Ms. Royer on the floor in the hallway hitting her. Stoops testified he did not see any part of the altercation that took place outside the building by the front entrance door.

During the jury deliberations, the jury sent the trial judge a note which read:

Did Officer Keener testify that Mr. De-Graff told him that he hit Ms. Royer?

After receiving the note from the jury, the trial court did not inform the jurors that they must be in disagreement before the testimony of a witness could be read to them. The trial judge did not attempt to determine if the jury was in actual disagreement over the testimony. The trial judge heard and overruled appellant's objection to having the testimony read and informed the jury, in pertinent part:

Members of the jury, I have received your last note. And the note asks the Court a question about testimony. The law does not allow me to comment on the testimony or to give you my views on what was said or not said. *I have taken your note as meaning that you are in disagreement, possibly over some portion of the testimony* (emphasis added). Therefore, I have instructed the Court Reporter to review her notes regarding what I feel like is the testimony you are in conflict over. She has reviewed them, and I am going to have her now read back to you certain items of testimony which I am *deducing from the note* (emphasis added).

The court reporter then read back the following testimony of Officer Keener:

Q: Did he admit *assaulting* Ms. Royer? (emphasis added).

A: He never denied it.

Q: Did he admit it?

A: Yes, he did.

Q: What did he say?

A: He said he struck Ms. Royer.

Q: Does your report indicate that he was defending himself? Isn't that what your report says in paragraph 3?

A: That's what he stated to me.

Q: Okay. But you say that *he told you he hit her?* (emphasis added).

A: Sorry?

Q: Are you telling this jury that Mr. De-Graff told you that he hit Mrs. Royer?

A: Yes, he did.

The state argued on the original submission of this case and on this remand from the court of criminal appeals that the jury note to the trial judge indicated an implicit disagreement by the jury as to the statement of Officer Keener and the court, in its discretion, was authorized to read Officer Keener's testimony to the jury. The state contends that article 36.28, Texas Code of Criminal Procedure, does not mandate express disagreement and cites *Jones v. State,* 706 S.W.2d 664 (Tex.Crim.App.1986) as authority for the proposition that disagreement may be implicit or express. The *Jones* court stated in pertinent part (quoting from *Iness v.*

*State,* 606 S.W.2d 306, 314 (Tex.Crim.App. 1980)):

> When the jury asks that certain disputed testimony be re-read [*sic* ], the court must first determine if the request is proper under Article 36.28 [Texas Code of Criminal Procedure], supra. If it is proper, the court must then interpret the communication; decide, in its discretion, what sections of the testimony will best answer the query, and limit the testimony accordingly [citations omitted].
>
> In the instant case the jury's request stated that they were in disagreement concerning the penetration testimony of the witness. *Although the note mentioned the direct examination by the State, the Court did not abuse its discretion in interpreting the sentence "we are in disagreement concerning this matter" as an expression of disagreement concerning the prosecutrix' testimony relating to penetration.*

*Jones,* 706 S.W.2d at 667.

■ We find nothing in the note in this case that infers or implies *disagreement.* There was no question of *disagreement* in the note in *Iness* (quoted above); the jury note in that case *expressly* stated "we are in disagreement concerning this matter." The interpretation by the trial court in *Iness* concerned what sections of the testimony should be read back to the jury and not jury *disagreement.* *Jones,* 706 S.W.2d at 667. The note in *Jones* from the jury recited, in pertinent part: "We have a dispute as to whether or not Clyde Allen testified that Williams made a threatening gesture, that is to reach for his back pocket." *Id.* at 666. The *Jones* court found the trial court did not read enough of the testimony to the jury and held, in pertinent part:

> Given the circumstances, the evidence offered, *the well defined dispute expressed in the jury's note* ... we conclude the trial court failed to give a realistic interpretation to the jury's note....

*Id.* at 668.

In this case, we have no "well defined dispute" (*Jones,* 706 S.W.2d at 668) or statement in the jury's note that "we are in disagreement concerning this matter." *Id.* at 667 (quoting from *Iness,* 606 S.W.2d at

314). To infer disagreement from the note in this case would be speculation as to the possibility of jury disagreement.

Article 36.28, Texas Code of Criminal Procedure, provides in pertinent part:

> In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; ...

■ Under article 36.28 the jury *must* disagree about a specified part of testimony before the statement of a witness may be read to them. *Moore v. State,* 874 S.W.2d 671, 673 (Tex.Crim.App.1994)(emphasis added). This disagreement *must* be made known to the trial judge by the jury so that it is proper to read the testimony and so that the judge will know what testimony is in dispute (emphasis added). *Id. A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under Art. 36.28* (emphasis added). *Id.* The court of criminal appeals in *Moore,* concluded:

> Contrary to [*Flores v. State,* 827 S.W.2d 529 (Tex.App.—Austin 1992, no pet.) ], a request for testimony, without more, is not an indication of implicit disagreement. To hold otherwise permits speculation in every case as to the possibility of disagreement. Just as plausibly, however, one can speculate that the jury as a whole or certain jurors might not remember the testimony and do not disagree with the recollection of other jurors. Under Art. 36.28 this is not a proper reason for reading testimony. Article 36.28 requires disagreement to be shown.

*Id.* at 674.

The state cites *Fernandez v. State,* 915 S.W.2d 572, 574 (Tex.App.—San Antonio 1996, no pet.) as being analogous to this case in that the jury sent a note to the trial court stating:

> Several of us feel the Police Officer said under sworn testimony that in his opinion the defendant was intoxicated while behind

the wheel of his vehicle. Was this stated by the Police Officer or not?

The *Fernandez* court held: "Stating that 'several of us feel' the officer testified that in his opinion Fernandez was intoxicated when he was behind the wheel, strongly implies that the remainder of the jury did not believe the officer's testimony said that." *Id.* at 574. The *Fernandez* court found no abuse of discretion by the trial court in finding that a disagreement existed and the readback was proper. In this case, the jury note was a direct request to the trial judge to tell them if Officer Keener testified that Mr. DeGraff told him that he hit Ms. Royer. The note did not use such words as "several of us feel" that appellant told the officer he hit Ms. Royer. The note does not in any manner indicate that the jury was in disagreement over the testimony and was just a request for testimony, without more, and "is not an indication of implicit disagreement." *Moore*, 874 S.W.2d at 674. "Just as plausibly, however, one can speculate that the jury as a whole or certain jurors might not remember the testimony and do not disagree with the recollection of other jurors." *Id.*

█ This case was remanded to this court for harm analysis pursuant to the holding in *Brown v. State*, 870 S.W.2d 53, 55 (Tex.Crim. App.1994), to wit: "We do not disturb the trial court's decision unless a clear abuse of discretion and harm is shown." *Id.* at 55.

The applicable legal standard is whether, in the light of the record as a whole, there is a reasonable possibility the evidence complained of might have contributed to appellant's conviction or punishment. *See Denton v. State*, 920 S.W.2d 311, 312–13 (Tex.Crim. App.1996). According to *Denton*, the appellate court is to apply the correct legal standard and consider the relevant factors outlined in *Harris v. State*, 790 S.W.2d 568, 584–589 (Tex.Crim.App.1989). *Id.* To properly conduct a harm analysis, the reviewing court should:

> Examine (1) the source of the error, (2) the nature of the error, (3) whether or to what extent it was emphasized by the State, and (4) its probable collateral implications. Further, the court should consider how much weight a juror would probably place

upon the error. In addition, the Court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity.

*Harris*, 790 S.W.2d at 587.

1. The source of the error. The trial court incorrectly assumed the jury was in disagreement when they sent a note, during deliberations, which stated: "Did Officer Keener testify that Mr. DeGraff told him that he hit Ms. Royer?" The trial court had the court reporter read back part of Officer Keener's testimony to the jury.

2. The nature of the error. The trial court did not inform the jurors that they must be in actual disagreement before the testimony of a witness could be read to them. The trial judge did not attempt to determine if the jury was in actual disagreement over the testimony as required by article 36.28, Texas Code of Criminal Procedure, and *Moore*, 874 S.W.2d at 673–74.

3. Whether or to what extent it was emphasized by the state. The jury note was sent to the trial judge during deliberations and after jury argument. Officer Keener's testimony was not otherwise emphasized by the state. The state's argument emphasized that appellant used more force than reasonably necessary "to get her away from him."

4. Probable collateral implications. The readback of Officer Keener's testimony "effectively bolstered the state's case against appellant." *Moore v. State*, 856 S.W.2d 502, 505 (Tex.App.—Houston [1st Dist.] 1993), *affirmed*, 874 S.W.2d 671 (Tex.Crim.App.1994).

To hold the error of the trial court harmless would permit repetition of such errors by allowing "speculation in every case as to the possibility of disagreement" when a jury sends a note to the trial judge requesting testimony without any indication of actual disagreement.

*Denton* further mandates consideration of other relevant factors such as the overwhelming evidence of guilt on the issue of appellant's guilt and it's "interaction with the other evidence." *Denton*, 920 S.W.2d at 312–313. If there is overwhelming evidence of appellant's guilt otherwise, the error may be

harmless. Ms. Mohn testified that the complainant (Ms. Royer) attacked appellant outside the school building at the entrance door and struck appellant with her fists and kicked him. Ms. Mohn testified that appellant did not hit Ms. Royer and pushed her away and she fell to the ground. Ms. Mohn testified that Ms. Royer then jumped up and attacked appellant again in the doorway to the school and both fell inside the door; Ms. Mohn did not see the remainder of the altercation inside the building. The evidence of appellant's guilt was conflicting, not overwhelming, and the error was not harmless. We find there is a reasonable possibility that the readback of Officer Keener's testimony to the jury might have contributed to appellant's conviction. "This testimony, heard for a second time by the jury in the midst of their deliberations, effectively bolstered the State's case against appellant." *Moore,* 856 S.W.2d at 505. Therefore, we conclude the trial court abused its discretion in causing trial testimony to be read to the jury without a determination that the jury was in actual disagreement over the testimony as required by article 36.28, Texas Code of Criminal Procedure, and that this error was not harmless beyond a reasonable doubt. TEX.R.APP. P. 81(b)(2) . We find it unnecessary to rule on appellant's complaint concerning the trial court's denial of appellant's motion for mistrial. The judgment of the trial court is reversed and remanded for a new trial.