Affirmed as Modified; Opinion Filed October 18, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01053-CR

## HENRY O'BRYAN TUBBS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-82443-10

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Appellant Henry O'Bryan Tubbs was convicted of continuous sexual abuse of a child and indecency with a child by contact, and was sentenced to terms of imprisonment of thirty-nine years and ten years, respectively, with both sentences ordered to run concurrently. In two points of error, appellant argues the trial court abused its discretion by having portions of the complainant's testimony read back to the jurors and that the court should have granted appellant's motion for new trial. In a cross-point, the State argues the judgments should be reformed. As modified, we affirm the trial court's judgments.

## DISCUSSION

### *Testimony Read to Jury*

In his first point of error, appellant contends the trial court abused its discretion by having the complainant's testimony read back to the jurors "when there was no disagreement among the jurors." The State responds that appellant waived the issue because he did not object at trial and that, even if error was preserved, the trial court did not abuse its discretion because the trial court properly inferred a dispute among the jurors.

According to the record, the court's charge included the following instruction:

> If the jurors disagree as to the statement of any witnesses, they may, upon applying to the Court, have read to them from the Court Reporter's notes that part of such witnesses' testimony on the point in dispute. A request to have the Court Reporter's notes read cannot be complied with unless the jury disagrees as to the statement of the witness. Therefore, it will be necessary, if you desire to hear any portion of the testimony of any witness, for you to certify that you are in disagreement as to the statement of a witness, and you should request that part of the testimony on the point in dispute, and only on that point which is in dispute.

During closing arguments, the prosecutor highlighted the requirements for the jurors to have testimony read back during deliberations:

> You can also ask, as the Judge told you, for any piece of evidence to be read back. But, ladies and gentlemen, I will tell you that you have to be very specific as to what the conflict is.
>
> You have to actually state what your disagreement is. Somebody believes so-and-so said this, another person believes so-and-so said this, because otherwise, our court reporter's going to have a whole lot of trouble trying to find it, and it's going to take a really long time.
>
> So if you have any questions about something, it's okay to ask. It's okay to ask for that to be read back. You can't have all of it read back, but you can have those parts that you're in disagreement about. And you have to certify and say specifically that you are in disagreement.

After deliberating for approximately one hour, the jurors sent out a note requesting certain testimony from the complainant, T. The handwritten note reads as follows:

*Testimony to get*

*"[T] Said it hurt"*

*"In & Out easy" [T]*[1]

*Please bring us the above statements from [T's] testimony.*

The note is signed by the presiding juror. After receiving the note, the trial court brought the jurors back into the courtroom:

> THE COURT: All right. Please be seated. All right. Ladies and gentlemen, I've received your note which reads as follows: "Testimony where [T] said it hurt, in and out. Please bring us the above statements from [T]'s testimony," signed [S.W.], Presiding Juror.[2]
> Under our procedures, we don't actually bring you the testimony. We do read back here in court. We are fortunate in that we have one of the most skillful court reporters in the state working for us this week, but it is a little bit of a laborious task.
> So please be patient with her as she reads back this testimony for you. All right, Niki.

> (Readback from Volume 3, Direct Examination, Page 30, Line 6 through Page 32, Line 2; Cross-Examination, Page 61, Lines 4-12, Page 62, Lines 8-12, Page 74,Lines 16-19, Page 81, Lines 3-9.)

THE COURT: Thank you, Niki. If you'll please continue your deliberations.

Article 36.28 of the Texas Code of Criminal Procedure provides that, in the trial of a criminal case in a court of record, where the jury disagrees "as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other." TEX. CODE CRIM. PROC. ANN. art. 36.28; *Render v. State*, 316 S.W.3d 846, 854 (Tex. App.—Dallas 2010, pet. ref'd). If the jury asks that certain testimony be read, the trial court must first determine if the request is proper under article

---

[1] The quotation marks and underlined words appear as shown in the note.

[2] The note from the jurors actually referenced two separate statements, and a word that the jurors had underlined in their note, "easy," was left out of the judge's reading of the second referenced statement.

36.28. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005) (citing *Moore v. State*, 874 S.W.2d 671, 673 (Tex. Crim. App. 1994)); *Render*, 316 S.W.3d at 854. A request for testimony is proper under article 36.28 if it reflects that the jurors disagree about a specified portion of testimony. *Render*, 316 S.W.3d at 854. If the request is proper, the trial court must interpret the communication, decide which sections of the testimony will best answer the inquiry, and then limit the reading accordingly. *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994); *Render*, 316 S.W.3d at 854. In determining what sections of the testimony best answer the query, the court may include testimony not directly on point but which places in context the testimony on point. *See Brown*, 870 S.W.2d at 56. The jury is not required to make its request for testimony using any particular language, such as "disagree" or "disagreement," in order to satisfy article 36.28. *Howell*, 175 S.W.3d at 792-93.

We review a trial court's ruling under article 36.28 for an abuse of discretion and will reverse only upon a showing that the court acted without reference to any guiding rules or principles and harm has been shown. *Id.* at 792. "Although a simple request for testimony is insufficient to reflect a dispute, a trial judge may, in its discretion, infer a dispute in a given case. The judge's inference of dispute need only have some basis other than mere speculation." *Id.*

Appellant contends the trial court abused its discretion under article 36.28 because it had testimony read back to the jury even though there was no disagreement between the jurors. Appellant's trial counsel, however, voiced no concern regarding the jury's request and did not object when the court directed the court reporter to read portions of the complainant's testimony to the jurors. As a result, appellant's argument was not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Hollins v. State*, 805 S.W.2d 475, 477 (Tex. Crim. App. 1991); *Randon v. State*, 107 S.W.3d 646, 649 (Tex. App.—Texarkana 2003, no pet.); *Dempsey v. State*, No. 05-06-01090-CR,

-4-

2008 WL 2971778, at *4 (Tex. App.—Dallas Aug. 5, 2008, pet. dism'd, untimely filed) (not designated for publication).

But even if appellant preserved the issue for appellate review, his argument fails on the merits because the trial court could have reasonably inferred a dispute among the jurors. To begin with, the court's charge instructed the jurors that they were required to be in disagreement before requesting testimony, and the prosecutor's closing argument reminded jurors of article 36.28's requirement that they must be in disagreement before a witness's testimony could be read back to them. Jurors are presumed to follow the court's instructions as given. *Byrd v. State*, 192 S.W.3d 69, 72 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Second, the language of the note itself, with a first statement that "'[T] said it hurt,'" followed immediately by a second, "'In & Out easy' [T]," with the word "easy" and the complainant's first name underlined, inferred a disagreement among the jurors regarding the complainant's testimony. Third, the jurors submitted a narrowly tailored request for two specific portions of the complainant's testimony, and this also inferred a disagreement.

Fourth, and finally, we observe that two cases cited by appellant, *DeGraff* and *Moore*, are distinguishable. In *DeGraff*, the only evidence of a disagreement was the jury's note requesting an officer's testimony about a specific fact. The trial court inferred a disagreement from the note but did not instruct the jurors that they must be in disagreement before the testimony of a witness could be read back to them. *See DeGraff v. State*, 932 S.W.2d 668, 669 (Tex. App.—Houston [14th Dist.] 1996), *vacated and remanded*, 934 S.W.2d 687 (Tex. Crim. App. 1996).[3] Similarly, in *Moore*, the jurors sent out three notes requesting that a witness's testimony be read back to them, and the trial

---

[3] The court of criminal appeals ultimately vacated and remanded the case to the appellate court for a harm analysis because the court had reversed the conviction without first conducting a harm analysis. *DeGraff*, 934 S.W.3d at 688.

—5—

court ordered the testimony read without informing jurors that a disagreement was a prerequisite to requesting testimony. *See Moore v. State*, 856 S.W.2d 502, 503 (Tex. App.—Houston [1st Dist.] 1993), *aff'd*, 874 S.W.2d 671 (Tex. Crim. App. 1994). In the present case, on the other hand, the trial court properly instructed the jurors under article 36.28 before they submitted their request, and the jurors' specific request for two portions of the complainant's testimony, with two words underlined, inferred a disagreement regarding that testimony. Based on the record before us, we cannot say the trial court abused its discretion. We overrule appellant's first point of error.

### Motion for New Trial

In his second point, appellant argues the trial court abused its discretion and violated appellant's due process rights by denying his motion for a new trial that was based on Eric Williams's "materially false and misleading testimony at trial."

Eric Williams was the manager of the Woodside Village Apartments, where the complainant lived with her mother, her little brother, and appellant. The complainant was eight years old when appellant moved into her mother's apartment. Williams testified that on August 7, 2007, he received an anonymous telephone call from a resident that there was a disturbance at the apartment when "no one should be at home."[4] At approximately 11 o'clock a.m., he went to the apartment and knocked on the door several times, but nobody answered. Williams unlocked the door, announced "Management," and entered to check the apartment. After checking the other bedrooms, Williams knocked on the master bedroom door "a couple of times." Hearing no response, Williams opened the door and saw appellant getting out from under the covers of the bed wearing his boxer shorts. The complainant was in the bed, lying in a "fetal position facing towards the wall." There was no

---

[4] Williams noted that he had installed an anonymous telephone line at the apartment complex for residents to "give tips" and report "things that are happening."

one else in the apartment. Williams recalled that, at the time, he "didn't think nothing of it," but he knew appellant "wasn't on the lease, so I asked him to leave the premises." Appellant cursed at Williams and demanded to know what he was doing in the apartment. When the complainant came out of the bedroom, she was wearing a t-shirt and shorts. Williams did not know whether she had been "dressed under the covers or not." Williams testified that he did not bring the police with him to the apartment, but "[t]hey did come afterwards." Later, when the complainant's mother heard about the incident, she was angry with Williams for making appellant leave because he had been looking after her children while she worked.

One of the State's punishment witnesses was McKinney Police detective Albert Lopez. On August 7, 2007, according to Lopez's testimony, Woodside Village Apartments manager Eric Williams called the police to have several individuals at the complex cited for criminal trespass. Lopez testified that, while he and other officers were at the apartment complex citing trespassers, an anonymous person reported to Williams and the officers that appellant was in one of the apartments, and that appellant "had a criminal trespass warning for this complex." He went with Williams to the apartment in question, where appellant was reported to be, and waited outside of the doorway in the "breezeway area" while Williams opened the apartment door and entered. Williams found appellant in one of the back bedrooms. Lopez could see that appellant was "down the hallway . . . getting his stuff together." Lopez testified that appellant had been arrested a total of three times for criminal trespass at the apartment. Each time, according to Lopez, appellant told him he would risk a criminal trespass to be at the apartment to take care of his children.

Lopez's incident report, which was admitted by the defense during its cross-examination of Lopez, stated that he went into the apartment when appellant refused to come out despite being ordered to do so. Lopez then handcuffed appellant and escorted him outside of the apartment. The

report also stated that, while "contacting other subjects, it was reported by an anonymous person" that appellant was "dealing drugs" out of the apartment.

In his second motion for new trial, appellant argued the verdict was contrary to the law and the evidence because "there is direct testimony in the record that one important [S]tate['s] witness lied during his testimony." During the hearing on his motion for new trial, appellant's trial counsel did not present affidavits or testimony to show that the witness in question, Williams, testified falsely. Instead, appellant relied on Lopez's punishment testimony, which differed from Williams's testimony in several respects, to argue Williams lied about the time the police arrived at the apartment complex, why they were there, and who was actually in the apartment. Appellant also pointed out that Lopez's police report did not mention the complainant. Appellant contended that Williams's testimony was crucial to the State's case because he was the only individual who could link the complainant to appellant. At the conclusion of the hearing, the court denied the motion for new trial.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* We view the evidence presented at a motion for new trial hearing in the light most favorable to the trial court's ruling, and we presume all reasonable factual findings that could have been made in support of the trial court's ruling. *Id.* "[A] trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.*

"[T]he State violates a defendant's right to due process when it actively or passively uses perjured testimony to obtain a conviction." *Ex parte Castellano*, 863 S.W.2d 476, 481 (Tex. Crim. App. 1993) (en banc). If the State has actual or imputed knowledge of the perjury, a violation occurs.

*Id.* While the State may not obtain a conviction through the knowing use of perjured testimony, the appellant bears the burden of showing that the testimony used by the State was, in fact, perjured. *Losada v. State,* 721 S.W.2d 305, 311 (Tex. Crim. App. 1986) (en banc) (citing *Luck v. State,* 588 S.W.2d 371, 373 (Tex. Crim. App. 1979)). "Discrepancies in testimony alone do not make out a case for perjury." *Id.* at 312. A person commits perjury if he acts with an intent to deceive and with knowledge of the statement's meaning, and makes a false statement under oath. TEX. PENAL CODE ANN. § 37.02(a)(1).

Appellant has not shown that any testimony presented by the State was, in fact, perjured. He interprets Lopez's testimony and the police report to argue the complainant was not at the apartment on August 7, 2007, and that, as a result, she could not have been with appellant. Appellant also points out that Williams's testimony differed from the testimony of Lopez regarding when the officers arrived at the apartment complex and why they were there. But defense counsel never asked Lopez whether the complainant was in the apartment when he investigated the criminal trespass incident. Moreover, the trial court could have reasonably concluded Lopez did not remember seeing the complainant at the apartment, and that he did not mention her name in the police report because her presence at the apartment had no bearing on the criminal trespass incident. As for appellant's other assertions, the existence of conflicting testimony, by itself, does not demonstrate perjury. Conflicts in the testimony of witnesses, as well as credibility and the weight to be given the testimony, were matters to be determined by the trier of fact. We therefore overrule appellant's second point.

### Reformation of Judgments

In a cross-point, the State argues the judgments should be reformed to reflect that the judge who presided over the trial of this case was the Honorable Curt B. Henderson, not the Honorable Christopher Oldner. This Court has the power to modify an incorrect judgment to make the record

speak the truth when we have the necessary information before us to do so. Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

The record shows that the Honorable Curt B. Henderson presided over the trial of this case. But the judgments incorrectly state that the Honorable Christopher Oldner was the trial judge. We sustain the State's cross-point and reform the judgments to reflect that the presiding judge was the Honorable Curt B. Henderson, not the Honorable Christopher Oldner.

As modified, we affirm the trial court's judgments.

_____
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
111053F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HENRY O'BRYAN TUBBS, Appellant

No. 05-11-01053-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 416th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
416-82443-10).
Opinion delivered by Justice Myers, Justices
Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgments of the trial court are
**MODIFIED** as follows:

The "Hon. Christopher Oldner" is deleted from the judgments under the heading, "Judge
Presiding," and the "Hon. Curt B. Henderson" is substituted.

As modified, the judgments are **AFFIRMED**.

Judgment entered October 18, 2012.

_____
LANA MYERS
JUSTICE