# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00138-CR

**Aubrey Lee Winfree, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 7339, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Aubrey Lee Winfree guilty of conspiring to deliver more than four grams of methamphetamine. *See* Tex. Pen. Code Ann. § 15.02 (West 2003); Tex. Health & Safety Code Ann. § 481.112 (West 2003). The court assessed punishment at twelve years' imprisonment.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant thereafter filed his own pro se brief.

In his pro se points of error six and seven, appellant contends the State failed to prove all elements of the offense. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

The indictment alleged that on or about July 12, 2002, appellant conspired with Erik Fox and Bridgett Cummings to deliver more than four grams of methamphetamine. Among the overt acts alleged were: (1) on July 12, Cummings gave money to her coconspirators to buy methamphetamine; (2) on July 13, appellant and Fox drove to Seminole, Texas; (3) on July 14, appellant purchased pills containing pseudoephedrine; and (4) on July 15, Cummings offered to sell methamphetamine.

Randi McCraney testified that on July 15, 2002, Bridgett Cummings offered to sell her methamphetamine. During the same conversation, Cummings told McCraney that she had given $500 to "Erik" and "Aubrey" to purchase methamphetamine, that they had driven to Seminole to make the purchase, and that they had been stopped by the police on the way back to Lampasas. Following her arrest, Cummings made a telephone call to her father from jail that was recorded. The recording was admitted in evidence. In the conversation, Cummings told her father that she had given "Aubrey" money to purchase methamphetamine that she intended to resell. An experienced narcotics officer testified that $500 would purchase more than four grams of methamphetamine.

2

Erik Fox testified that he, appellant, Wesley Moody, Jennifer VanCleave, and Kristi Hall drove to Seminole on July 13, 2002, intending to purchase methamphetamine. According to Fox, Cummings on the day before gave Moody $500 for this purpose. For some unexplained reason, they decided instead to purchase nonprescription cold tablets containing pseudoephedrine, a chemical used to manufacture methamphetamine. Fox implied that the purchase was made by Moody.

Adam Torres, manager of a grocery store in Seminole, testified that a man wearing a visor purchased his entire stock—three boxes—of a cold remedy containing pseudoephedrine. Because he knew that this drug was used to manufacture methamphetamine, he notified the police. A few minutes later, Deputy Jeff James stopped a car driven by Kristi Hall in which appellant and Fox were passengers. The three boxes of cold medicine were in the car. Appellant was wearing a visor. Fox also had a small amount of methamphetamine on his person and was arrested.

Appellant complains that the State failed to prove that he or his coconspirators ever purchased or delivered methamphetamine. But because they were only accused of conspiracy to deliver, it was not necessary for the State to prove a completed delivery. When the evidence is viewed in the light most favorable to the jury's verdict, a rational trier of fact could find each element of the conspiracy offense. Pro se points of error six and seven are overruled.

Only a portion of Cummings's conversation with her father was played for the jury. Appellant urges that the entire conversation should have been played. No request or objection was made at trial, however, and nothing is presented for review. *See* Tex. R. App. P. 33.1. Pro se point eight is overruled.

3

In point three, appellant complains that Cummings's out-of-court statements were hearsay and should not have been admitted. No hearsay objection was made and no error is presented. In point two, appellant contends his constitutional confrontation right was violated because Cummings was permitted to invoke her Fifth Amendment privilege outside the jury's presence. The record reflects, however, that appellant was permitted to call Cummings and have her invoke the Fifth Amendment before the jury. Pro se points two and three are overruled.

Next, appellant contends he was denied his due process rights because Jennifer VanCleave did not appear in response to a subpoena. Appellant did not request a writ of attachment, however, nor does he show what her testimony would have been. *See Sturgeon v. State*, 106 S.W.3d 81, 85 (Tex. Crim. App. 2003). Pro se point of error four is overruled.

In point of error one, appellant complains of the trial court's failure to instruct the jury on the law of accomplice witness testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). Appellant did not request an accomplice witness instruction, if he was entitled to it he may assert its absence as fundamental charge error. *Howard v. State*, 972 S.W.2d 121, 126 (Tex. App.—Austin 1998, no pet.).

Cummings and Fox, appellant's alleged coconspirators, were accomplices in the offense for which appellant was on trial. *Id.* at 125. Cummings did not testify at appellant's trial, however, and therefore she was not an accomplice witness within the meaning of article 38.14. *Bingham v. State*, 913 S.W.2d 208, 213 (Tex. Crim. App. 1995). Fox did testify, and the jury should have been instructed in accordance with the statute not to consider his testimony unless there was other evidence tending to connect appellant to the alleged offense.

4

Fundamental charge error calls for reversal only if it results in egregious harm to the defendant. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Under this standard, the omission of an accomplice witness instruction is generally harmless unless the corroborating evidence is so unconvincing as to render the State's overall case for conviction clearly and significantly less persuasive. *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)). That is not the case here. Disregarding Fox's testimony, there is considerable evidence connecting appellant to the alleged drug conspiracy. The omission of the accomplice witness instruction did not egregiously harm appellant. We overrule pro se point of error one.

Finally, appellant complains that the trial court did not properly answer questions from the jury during deliberations. The jury sent a note to the court asking: "1. Did Randi identify Aubrey Winfree as the person that received the money from Bridgett Cummings? 2. Did the storekeeper Mr. Torres identify the person that wore the visor?" Without objection, the court responded in writing: "You have heard the evidence. You must consider the evidence you have heard. I cannot answer your questions further." Appellant asserts that the court should have read the relevant portions of the witnesses' testimony to the jury. Even if appellant had asked the court to do this, the request would have properly been refused because the jury did not indicate that it was in disagreement regarding the testimony. *Moore v. State*, 874 S.W.2d 671, 674 (Tex. Crim. App. 1994). Pro se point of error five is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

5

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   March 11, 2004

Do Not Publish