NO. 07-03-0178-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 10, 2004



______________________________




OTHA LEE CRAIG, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 02-12-5406; HONORABLE HAROLD PHELAN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Otha Lee Craig appeals from his conviction for driving while intoxicated. 
We affirm.

 As a pretrial matter, appellant filed a Special Plea of Double Jeopardy which alleged
that appellant had been placed in former jeopardy for the driving while intoxicated charge
by: (1) the Texas Department of License's suspension of his driver's license, (2) the United
States District Court Northern Division's revocation, after a hearing, of his supervised
release, and (3) the State's dismissal of a misdemeanor indictment before re-indicting
appellant for a felony. The trial court held a pretrial hearing concerning appellant's special
plea at which the trial court denied the plea on the basis that, even if all the facts alleged
in the plea were assumed true, the plea did not present a legally sufficient claim of former
jeopardy.

 Following the trial court's denial of the special plea and pursuant to a plea bargain,
appellant pled guilty to the felony charge of driving while intoxicated. The trial court honored
the plea bargain and sentenced appellant to incarceration in the Texas Department of
Criminal Justice, Institutional Division, for five years and fined appellant $500.

 Appellant was admonished, both orally and in writing, by the trial court. He signed
a guilty plea memorandum, which included written admonishments, stipulation of evidence,
and jury waiver, and pled guilty on the record while in open court. The trial court stated,
during appellant's plea, that it would permit appellant to appeal the denial of his Special
Plea of Double Jeopardy and the court has certified appellant's right to appeal the denial
of this written plea. Tex. R. App. P. 25.2(a)(2), (d). Appellant has timely filed a notice of
appeal with this court and has been appointed appellate counsel.

 Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in
Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), the record has been diligently reviewed and that, in the opinion of counsel, the
record reflects no reversible error or grounds upon which a meritorious appeal can be
predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed
why, under the controlling authorities, there is no arguably reversible error in the trial court
proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw as Counsel have been forwarded to appellant, and that counsel has
appropriately advised appellant of his right to review the record and file a pro se response.
Appellant has not filed a pro se response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). The record reveals no such grounds. We agree with appellate counsel that the
appeal is without merit. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.

 Phil Johnson

 Chief Justice



Do not publish. 


 



n-bottom: 0.104167in"> 
Background
          At trial, evidence showed that appellant was a participant in a fight that involved,
among others, one John Andrews. Appellant pulled a knife and made threats during the
altercation. 
          During jury deliberations on guilt or innocence, the jury sent the trial judge a note
requesting a transcript of Andrews’ testimony. The parties and the trial court agreed that
the proper response was that such a request does not certify disagreement as to a
particular point in the testimony of a witness and thus the testimony would not be provided.
The jury sent a second note stating “the particular part of his testimony where he states
that she pulled the knife out on him and made her verbal threat.” Again, the parties and
the court agreed that the jury had not indicated an actual disagreement on a particular
point. After the court framed its response indicating that “a disagreement as to a particular
point” is required, the jury sent a third note, stating “[w]e are disagreeing on his testimony
in court as to what he said when he saw her pull the knife and threatened him. As
opposed to what we have heard on the 911 Tape.” 
          The trial judge read the third note to the State and appellant’s counsel and read the
testimony he planned to read back to the jury. Following the trial judge’s explanation,
appellant’s counsel stated “That’s fine, Your Honor.” The judge then read to the jury the
indicated portion of Andrews’ testimony. Thereafter, the jury returned a verdict of guilt as
alleged in the indictment. Following presentation of punishment evidence, the jury
assessed the noted punishment. This appeal followed. 
 
Analysis
          By her sole issue on appeal, appellant contends that the trial court abused its
discretion when it permitted trial testimony to be read to the jury during deliberations. We
disagree.
          Article 36.28 of the Texas Code of Criminal Procedure provides, in pertinent part: 
“In the trial of a criminal case in a court of record, if the jury disagrees as to the statement
of any witness they may, upon applying to the court, have read to them from the court
reporter's notes that part of such witness testimony or the particular point in dispute, and
no other . . . .” Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 2006). The Court of
Criminal Appeals has found the statute to be clear that the jury must disagree about a
specified part of testimony before the statement of a witness may be read to them, and has
held the disagreement must be made known to the trial judge in order for the judge to
determine the request is proper and what testimony is in dispute. Howell v. State, 175
S.W.3d 786, 790 (Tex.Crim.App. 2005); Moore v. State, 874 S.W.2d 671, 673
(Tex.Crim.App. 1994), citing Iness v. State, 606 S.W.2d 306, 314 (Tex.Crim.App. 1980). 
A simple request for testimony does not, by itself, reflect disagreement, implicit or express,
and is not a proper request under article 36.28.
          At the outset, we note that appellant failed to timely and properly object to the
reading of Andrews’ testimony. Complaints about error in the reading of trial testimony must
be preserved by objection at the time of the reading. Hollins v. State, 805 S.W.2d 475, 476
(Tex.Crim.App. 1991). As we have noted, far from objecting, appellant told the court its
planned course of action was “fine.” And the record reflects no objection by appellant when
the testimony was read by the court. Appellant’s issue on appeal presents nothing for our
review.
          Moreover, we find no error on the part of the trial court in reading back the testimony. 
A trial court’s determination as to whether a factual dispute exists between jurors is
reviewed for an abuse of discretion. Robison v. State, 888 S.W.2d 473, 480 (Tex.Crim.App.
1994). An abuse of discretion occurs when the trial court's decision is so clearly wrong as
to lie outside the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372,
380 (Tex.Crim.App. 1990) (op. on reh’g). An appellate court should not disturb a trial
judge’s decision under article 36.28 unless a clear abuse of discretion and harm are shown. 
Brown v. State, 870 S.W.2d 53, 56 (Tex.Crim.App. 1994), citing Jones v. State, 706 S.W.2d
664, 668 (Tex.Crim.App. 1986).
          Appellant contends that the court abused its discretion in reading back the testimony
because the three notes from the jury fail to show a disagreement about the testimony itself;
instead, appellant argues, the notes indicate the jury was attempting to “sort through
different statements made by John Andrews.” We understand appellant to be referring to
the language in the third note indicating the jury was disagreeing on Andrews’ testimony “as
opposed to the statement on the 911 tape.” We see the distinction appellant is drawing, but
we do not agree it demonstrates an abuse of discretion in the trial court’s ruling. See
Howell, 175 S.W.3d at 793 (noting article 36.28 requires that the jury disagree, but does not
require that the jury use any particular words to express its disagreement). 
 
          Like the trial court in Robison, the court here was presented with a series of three
requests by the jury. And, like the court there, we find the trial court was “properly cautious”
to observe the competing concerns reflected in article 36.28. Robinson, 888 S.W.2d at
481.


 The record reflects the court discussed with counsel its proposed response to the
jury’s first two notes, explaining that reading of testimony was proper only if jurors were in
disagreement about the requested testimony. The third note expressly told the court jurors
were disagreeing on Andrews’ testimony “as to what he said when he saw her pull the knife
and threatened him.” The court did not abuse its discretion by reading that portion of the
testimony.
          Accordingly, we overrule appellant’s issue and affirm the trial court’s judgment.
 
James T. Campbell

Justice

 
Publish.